Mina **HARDING**, Petitioner,

v.

Gene J. **HARDING**, Respondent.

No. 171.

Supreme Court of Alaska.

Nov. 8, 1961.

Neil S. Mackay, Anchorage, for petitioner.

No appearance for respondent.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

PER CURIAM.

The petition before us requests review of a purported oral order of the superior court denying a motion to abate proceedings in a divorce case on the ground that another action was pending in the same court between the same parties involving the same subject matter and requesting the same relief. Respondent filed a partial transcript of the proceedings in the trial court, but has not filed a memorandum in opposition.

Examination of the record discloses that the complaint in cause No. 61–1244, filed by respondent on September 11, 1961, was, for purposes of this discussion, identical with the complaint previously filed in cause No. 61–504 on April 21, 1961, to which petitioner had filed an answer, counterclaim and cross-claim on May 11, 1961. Prior to the filing of cause No. 61–1244 respondent had moved the court for leave to file an amended complaint in No. 61–504 on the ground that the parties had lived together as man and wife. Respondent, as near as we can learn from the transcript, was laboring under the mistaken impression that the court had lost jurisdiction of 61–504 because of the as yet unproven allegation that the parties had lived together as man and wife since the filing of the complaint. The motion to file an amended complaint based solely on respondent's affidavit was properly denied. However, in denying the motion, the court created a misunderstanding by advising counsel that the proper procedure would be to file a new complaint if the parties had lived together as man and wife. The court apparently was not aware that petitioner had filed an answer, counterclaim and cross-claim to the complaint in 61–504 and disputed respondent's allegation that the parties had in fact lived together as man and wife since the filing of that complaint. Respondent immediately filed 61–1244 on September 11, 1961, and on the following day obtained an order to show cause returnable on September 15, 1961. The order in the meantime restrained petitioner from going to the home of the parties, from taking the children from respondent's possession and from molesting or interfering with respondent's freedom and that of the children. None of the documents in 61–1244 were served on counsel for petitioner,

although he was attorney of record for petitioner in 61–504. The order was served on petitioner at 10:30 p. m. on September 12, 1961, and had the effect of evicting her from her home and depriving her of her children. Petitioner's motion to abate 61–1244 was before the court at 2:00 p. m., September 15, 1961, when hearing on the order to show cause was scheduled to be heard.

The transcript of proceedings had before the court at the time of the hearing indicates that counsel for petitioner was urging consideration of his motion to abate, while counsel for respondent was urging the court to hear testimony in support of the order to show cause. The judge was unfamiliar with the exact status of the two pending actions as previous proceedings had been before another judge. As near as we can determine from the confused proceedings reflected by the transcript, the court ignored the motion to abate and proceeded to take oral testimony in connection with the order to show cause. Counsel for petitioner should have insisted on a ruling on the motion. The order was apparently continued in force, but petitioner was given a right of visitation with the children.

 Review is granted and the case is remanded to the superior court for further proceedings consistent with the following directions:

(1) The court shall give a definite ruling on petitioner's motion to abate.

(2) If the court finds that the complaint in cause No. 61–1244 is between the same parties, is based on the same subject matter and requests essentially the same relief as the complaint in cause No. 61–504, it shall grant the motion to abate which, under our rules of procedure, is the equivalent of a motion to dismiss.