Cornelius P. COUGHLAN, Petitioner,

v.

Virginia N. COUGHLAN, Respondent.

No. 801.

Supreme Court of Alaska.

Feb. 23, 1967.

Cornelius P. Coughlan, in pro. per.
No appearance for respondent.

## OPINION

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

NESBETT, Chief Justice.

Petitioner, a resident of Fairbanks, filed a complaint for divorce in the Superior Court for the Fourth Judicial District at Fairbanks, on August 15, 1966. Petitioner alleges that pursuant to an agreement with his wife, respondent herein, that she would accept service and waive a summons, he mailed a copy of the as yet unfiled complaint to her on August 10, 1966. Summons was issued in Fairbanks on August 18, 1966, and forwarded to the State Police in Anchorage where it was received on August 19, 1966. Service on respondent in Anchorage was not accomplished until September 7, 1966.

In the meantime respondent had retained Joe P. Josephson, Esq., of Anchorage as counsel. Mr. Josephson has advised this court by letter that upon his advice to respondent, an action for divorce was promptly commenced by respondent against petitioner in the superior court in Anchorage on August 17, 1966. Summons was issued on the same date and service on petitioner in Fairbanks was accomplished on August 25, 1966.

On September 12, 1966, petitioner filed a motion and supporting affidavit in the superior court in Anchorage to dismiss respondent's complaint and for an order abating the action on the ground that a prior action was pending in the superior court in Fairbanks between the same parties, involving the same cause of action and seeking the same remedies.

On September 14, 1966, respondent filed a motion in the superior court in Fairbanks to dismiss or in the alternative to grant a change of venue in the pending action and to transfer it to Anchorage.

On September 27, 1966, the superior court in Anchorage denied petitioner's motion to dismiss and abate the action. On October 13, 1966, the superior court in Fairbanks denied respondent's motion to dismiss petitioner's complaint and granted respondent's motion for a change of venue.

On October 17, 1966, petitioner filed a motion in the superior court in Fairbanks requesting that it vacate its order of October 13, 1966. This motion was taken under advisement and, according to the record, is still under advisement.

We have granted review in order to state the principle which should have governed the disposition of the motion to dismiss the complaint and abate the action in the superior court in Anchorage and to comment on the motion for change of venue pending in the superior court in Fairbanks.

At the hearing held by the superior court in Anchorage on petitioner's motion to dismiss and abate, neither petitioner nor respondent was present, nor was peti-

tioner represented by counsel. Respondent was represented by her counsel of record but had not filed an affidavit in opposition to petitioner's affidavit in support of his motion to dismiss and abate. The entire hearing consisted of a colloquy between the court and respondent's counsel wherein counsel made a statement of fact in support of his client's position and in opposition to petitioner's motion.

At the conclusion of the hearing the court summarized the facts concerning the dates of filing and serving the complaints as outlined herein and then stated:

THE COURT: All right, then, based on those statements, it would appear that this branch of the Superior Court for the State of Alaska secured jurisdiction over a party prior to the time that the Fourth District secured jurisdiction. With that in mind, the motion to dismiss filed by Mr. Coughlan on September the 12th, motion to dismiss filed in 66–1632A, Superior Court, State of Alaska, Third District, will be denied on the ground that * * * this branch of the court had already secured jurisdiction over him prior to the time he secured jurisdiction over the defendant in the other case. Likewise, the request in his motion for an order abating the current action, 66–1632A, will be denied.

The court's order denying the motion to abate or dismiss was obviously based entirely upon the assumption that the court first to obtain jurisdiction of the person of the defendant by the service of process was the proper court to proceed with the action. We are assuming that no other considerations influenced the court since none were stated.

We must hold that the order was based upon an erroneous conception of the applicable law.

In Silverton v. Marler[1] we held that an action is deemed to have been commenced by the filing of a complaint,[2] and that, upon the filing, the clerk of court should forthwith issue summons and deliver it for service.[3]

■ What we had no occasion to say under the facts of *Marler* was that where suits have been commenced in different courts between the same parties requesting the same relief, the action in which the complaint was filed first is generally, in the absence of other compelling considerations, held to have priority, rather than the action in which service of summons was first obtained.

■ The general rule is well stated in Martin v. Graybar Elec. Co.[4] where the court said:

Two simultaneously pending lawsuits involving identical issues and between the same parties, the parties being transposed and each prosecuting the other independently, is certainly anything but conducive to the orderly administration of justice. We believe it to be important that there be a single determination of a controversy between the same litigants and, therefore, a party who first brings an issue into a court of competent jurisdiction should be free from the vexation of concurrent litigation over the same subject matter, and an injunction should issue enjoining the prosecution of the second suit to prevent the economic waste involved in duplicating litigation which would have an adverse effect on the prompt and efficient administration of justice unless

---

1. 389 P.2d 3, 5 (Alaska 1964).

2. Civ.R. 3 states that: "A civil action is commenced by filing a complaint with the court."

3. Civ.R. 4(a) states:
 Upon the filing of the complaint the clerk shall forthwith issue a summons and deliver it for service to a peace officer or to a person specially appointed to serve it. Upon request of the plaintiff separate or additional summons shall issue against any defendants.

4. 266 F.2d 202, 204 (7th Cir. 1959). Cf. Harding v. Harding, 366 P.2d 128, 129 (Alaska 1961).

unusual circumstances warrant. As none such appears in this record, we agree with what would seem to be the established general rule that the party filing later in time should be enjoined from further prosecution of his suit. Milwaukee Gas Specialty Co. v. Mercoid Corporation, 7 Cir., 1939, 104 F.2d 589, 592; Crosley Corporation v. Hazeltine Corporation, 3 Cir., 1941, 122 F.2d 925, 929; Cresta Blanca Wine Co. v. Eastern Wine Corporation, 2 Cir., 1944, 143 F.2d 1012, 1014; Independent Pneumatic Tool Co. v. Chicago Pneumatic Tool Co., 7 Cir., 1948, 167 F.2d 1002, affirming D.C., 74 F.Supp. 502; Speed Products Co. v. Tinnerman Products, 1948, 83 U.S.App. D.C. 243, 171 F.2d 727, 730.[5]

■ At the commencement of the hearing counsel for respondent represented to the court that, since process had been served on petitioner in respondent's action at an earlier date than service was obtained on respondent in petitioner's action, the superior court in Anchorage was the first to obtain jurisdiction. This view seems to have been adopted by the court. What was overlooked was that once service of process had been made on respondent, the jurisdiction of the superior court in Fairbanks related back in time to the date of filing the complaint by petitioner on August 15, 1966, which was prior to the filing of respondent's complaint on August 17, 1966.[6]

■ Although not mentioned in the petition as being a departure from the accepted and usual course of judicial proceedings,[7] the impropriety of the trial court in permitting counsel to present a portion of respondent's case in opposition to the motion in the form of unverified statements of fact made by himself must be noted and disapproved.

■ Civil Rule 43(e) provides that motions based on facts not appearing of record may be heard on affidavits or other documentary evidence but that the court may direct that the matter be heard wholly or partly on oral testimony.[8] No order directing that the matter be heard on oral testimony had been made. Petitioner had filed an affidavit in support of his motion. Counsel for respondent admitted that he had not filed an affidavit in this action, but stated that he had filed one in the Fairbanks case.[9] On the failure of the respondent to comply with Civil Rule 77(e) (2) by filing and serving the appropriate papers in opposition[10] the court should have invoked Civil Rule 77(f) (2) and granted the

---

5. The court in Graybar also pointed out that the granting of an injunction under these facts is not an attempt to interfere with the legitimate operation of a court of concurrent jurisdiction, but rather the enjoining of one of the parties to the suits.

6. Barber-Greene Co. v. Blaw-Knox Co., 239 F.2d 774, 778 (6th Cir. 1957).

7. Supreme Ct.R. 24(3).

8. Civ.R. 43(e) states:
 Evidence on Motions. When a motion is based on facts not appearing of record, the court may hear the matter on affidavits or other documentary evidence presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or depositions.

9. No affidavit was filed by respondent in Fairbanks in support of her motion for a change in venue, however, an affidavit was filed by Mr. Josephson on information and belief which referred to some, but not all, of the matters commented on by him at the hearing.

10. Civ.R. 77(e) (2) states:
 The Opposing Party. Not less than 2 days prior to the hearing of a motion, the opposing party shall serve the following:
 [a] Copies of all photographs, affidavits and other documentary evidence upon which he intends to rely, together with a brief, complete written statement of reasons in opposition to the motion, which shall include a memorandum of points and authorities in support of such statement; or
 [b] A written statement that he will not oppose the motion.

motion [11] or, if justified, granted respondent a continuance to permit compliance.

Next to be considered is the order of the superior court in Fairbanks made on October 13, 1966, granting respondent's motion for a change of venue. The order merely recites that the court, "being fully advised," denies the motion to dismiss and grants the motion for change of venue. On October 17, 1966, petitioner filed a motion to vacate the order and noticed it for hearing on November 1, 1966. The record contains a minute order of the court dated November 2, 1966, indicating that the motion for change of venue had been argued and that the "Court states matter can be rectified, and takes motion under advisement." A memorandum in the record dated November 21, 1966, from the clerk of the superior court in Fairbanks states that the "motion to vacate order is still under advisement."

It appears from the record that petitioner nevertheless proceeded with his petition for review of the order of October 13 by designating the record on November 4, 1966. It also appears that the record had already been forwarded to the clerk of the superior court in Anchorage on October 19, 1966.

It would appear that technically the motion to vacate the order granting a change of venue is still under advisement. As a practical matter, it seems unlikely that the motion is in fact being considered since the court does not have the file and some ten weeks have elapsed since the motion was argued.

 Ordinarily this court will not entertain a petition to review an order which is being reconsidered by the issuing court and we accordingly deny review of this particular order. However, since we have had occasion to study the record and argument and the circumstances appearing to warrant it, we offer the following comments for the assistance of the court in its reconsideration of the motion for change of venue.

In Maier v. City of Ketchikan [12] this court stated:

Standards pertaining to change of venue are prescribed by statute.[13] Within the boundaries of those standards, the decision as to whether venue will be changed is within the sound discretion of the superior court.

The affidavits of counsel for respondent in support of the motion to dismiss or in the alternative for a change of venue were based in part on information and belief. Counsel seems to have relied generally on the priority of service of process, the convenience of respondent and her attorney, the fact that petitioner had not retained an attorney in Fairbanks and would not be prejudiced by a transfer of the case to Anchorage, and the fact that the Anchorage court had denied petitioner's motion to dismiss the action in that court. The reasons urged by counsel touch peripheral-

---

11. Civ.R. 77(f)(2) states:
 By Opposing Party. When a party opposing a motion fails to comply with the provisions of subdivision (e)(2) of this rule, the court may consider this as a consent to the granting of the motion.

12. 403 P.2d 34, 39 (Alaska 1965). (Footnotes omitted.)

13. AS 22.10.040 provides:
 Change of venue. The superior court in which the action is pending may change the place of trial in an action from one place to another place in the same judicial district or to a designated place in another judicial district for any of the following reasons:

 (1) when there is reason to believe that an impartial trial cannot be had;
 (2) when the convenience of witnesses and the ends of justice would be promoted by the change;
 (3) when for any cause the judge is disqualified from acting, but if the judge of another judicial district is assigned to try the action, no change of place of trial need be made;
 (4) if the court finds that the defendant will be put to unnecessary expense and inconvenience, and if the court finds that the expense and inconvenience was intentionally caused, the court may assess costs against the plaintiff.

ly on grounds (2) and (4) of the statutory grounds for granting a change of venue.

■ The showing in support of a motion for change of place of trial should be made by an affidavit which specifically states which of the statutory grounds is relied upon and must state the facts which support the grounds being urged.

■ Where statutory ground (2) which states that "when the convenience of witnesses and the ends of justice would be promoted by the change" is urged, the affidavit must state the names of the witnesses and the nature of the testimony expected from each, show that their proposed testimony is admissable, relevant and material to an issue in the case as shown by the record and state the reasons why the attendance of each would be inconvenient. In urging this statutory ground, the moving party bears the burden of proving not only that the convenience of the witnesses will be promoted but also that the ends of justice will be promoted by the change since the two conditions are stated conjunctively. In the absence of unusual circumstances the convenience of the parties is not to be considered in weighing the merits of a motion for change of place of trial.[14]

Petitioner urges this court to take disciplinary action against counsel for respondent for false statements alleged to have been made by him to the trial courts. Counsel for respondent has advised this court that he has requested the Executive Secretary of the Alaska Bar Association to process petitioner's allegations as a grievance and conduct a complete inquiry. Nothing contained in petitioner's allegations of unethical conduct requires any action by this court.

Pursuant to the foregoing it is ordered:

(1) That the Order of the Superior Court for the Third Judicial District at Anchorage dated September 27, 1966, denying petitioner's motion to dismiss and abate be set aside and an order be entered dismissing respondent's cause of action and awarding costs to petitioner.

(2) That the record of proceedings in the Superior Court for the Fourth Judicial District at Fairbanks be remanded to that court for its assistance in reconsidering its order granting a motion for change of place of trial.

(3) That petitioner be allowed a reasonable period of time within which to move pursuant to the provisions of this opinion.

(4) That petitioner be awarded his costs herein.

14. Peiser v. Mettler, 50 Cal.2d 594, 328 P.2d 953, 960, 963, 74 A.L.R.2d 1 (1958); Flanagan v. Flanagan, 175 Cal.App.2d 641, 346 P.2d 418 (1959).