STATE of Alaska, Petitioner,

v.

Tracy S. McCRACKEN and Audrey L. McCracken, Respondents.

No. 1781.

Supreme Court of Alaska.

Dec. 21, 1973.

Rehearing Denied March 22, 1974.

Kenneth P. Jacobs, Hughes, Thorsness, Lowe, Gantz & Clark, Anchorage, for petitioner.

Edward W. Tucker and Roger F. Holmes, Burr, Pease & Kurtz, Anchorage, for respondents.

Before RABINOWITZ, C. J., BOOCHEVER, J., and EBEN H. LEWIS, Superior Court Judge.

OPINION

BOOCHEVER, Justice.

The State of Alaska seeks review of the trial court's denial of its motion to dismiss a suit filed by the McCrackens, based on the contention that the statute of limitations ran during the period that Tracy S. McCracken was on parole so as to bar the suit.

On October 7, 1969, appellee, Tracy McCracken, was a passenger in a Mack tractor-trailer, owned and operated by Arctic Motor Freight, Inc. As the truck was traveling in a northward direction near Milepost 206 on the Richardson Highway enroute to Fairbanks, it went out of control and overturned, injuring Tracy McCracken.

At the time of the accident, McCracken was a prisoner confined in the state jail at Anchorage and was on an authorized work release. Subsequent to the injury, McCracken was placed on parole on November 7, 1969. The order of parole recites that McCracken's sentence would expire on January 3, 1972; and that, allowing for good time earned, he would be released from parole on July 21, 1971. McCracken was released from parole as scheduled on July 21, 1971.

Tracy and Audrey McCracken commenced the present action in the superior court on February 2, 1972, naming the

State of Alaska as a codefendant with Arctic Motor Freight. On March 22, 1972, the State of Alaska moved to dismiss the complaint on the theory that the action was barred under the statute of limitations. The State contended that AS 09.10.070 [1] provides that such an action be brought within two years from the date of the accident, and that this action against the State was commenced approximately three months after the statute of limitations had run. McCracken argued in opposition that AS 09.10.140,[2] AS 11.05.070,[3] and AS 33.-15.190 [4] read together provide that a parolee has no civil right to bring a lawsuit; and that the statute of limitations is tolled during the period of parole, not beginning to run until the parolee is released from parole. Thus, McCracken contends that since the statute was tolled until July 21, 1971, the date of his release, the statute of limitations had not yet run.

In August 1972 the trial court denied the motion to dismiss, holding that a person on

1. AS 09.10.070 provides:
Actions to be brought in two years. *No person may bring an action* (1) for libel, slander, assault, battery, seduction, false imprisonment, *or for any injury to the person* or right *of another not arising on contract and not specifically provided otherwise;* (2) upon a statute for a forfeiture or penalty to the state; or (3) upon a liability created by statute, other than a penalty or forfeiture; *unless commenced within two years.* [Emphasis added.]

2. AS 09.10.140 states:
*Disabilities of minority, insanity, and imprisonment. If a person entitled to bring an action mentioned in this chapter is at the time the cause of action accrues* either (1) under the age of 19 years, or (2) insane, or (3) *imprisoned on a criminal charge, or in execution under sentence of a court for a term less than his natural life, the time of the disability is not a part of the time limited for the commencement of the action.* But the period within which the action may be brought is not extended in any case longer than two years after the disability ceases. [Emphasis added.]

3. AS 11.05.070 provides:
*Effect of judgment of imprisonment in penitentiary.* A judgment of imprisonment

in the penitentiary for a term less than for life suspends the civil rights of the person sentenced, and forfeits all public offices and all private trusts, authority, or power during the term or duration of imprisonment.

4. AS 33.15.190 states:
*Release and terms and conditions of release.* The board may permit a parolee to return to his home if it is in the state, or to elsewhere in the state, upon such terms and conditions, including personal reports from the paroled person as the board prescribes. The board may permit the parolee to go into another state upon terms and conditions as the board prescribes, and subject to the provisions of any compact executed under the authority of ch. 10 of this title and amendments to it. *A prisoner released on parole remains in the legal custody of the board until the expiration of the maximum term or terms to which he was sentenced, less good time allowances provided by law. While in the custody of the board, a person is subject to the disabilities imposed by AS 11.05.070.* [Emphasis added.]

parole does not have the right to bring a civil lawsuit, and that this disability tolls the statute of limitations. The judge stated that although there might be serious constitutional questions in the case, since they were not raised, he would not reach them. From this decision, the State filed its petition for review.

In Bush v. Reid, 516 P.2d 1215, (Alaska, 1973), a case consolidated for argument with the present one, we held that AS 11.05.070 and AS 33.15.190 combine to deny a parolee the right to initiate civil suit; but that such denial of access to the civil courts is a violation of due process and equal protection provisions of the Alaska and United States constitutions. We, therefore, must consider the effect of that holding upon the statute of limitations problems presented here.

AS 09.10.140 provides in relevant part:

> Disabilities of minority, insanity, and imprisonment. If a person entitled to bring an action mentioned in this chapter is at the time the cause of action accrues . . . (3) imprisoned on a criminal charge, or in execution under sentence of a court for a term less than his natural life, the time of the disability is not a part of the time limited for the commencement of the action. But the period within which the action may be brought is not extended in any case longer than two years after the disability ceases.

The State here contends that a parolee is neither "imprisoned on a criminal charge" nor "in execution under sentence of a court for a term less than his natural life"; and that, therefore, the statute of limitations should not be tolled during the time of parole. The State argues that since parole is the interruption of the execution of the sentence, the statute of limitations begins to run again at the time of the release on parole.

The only case cited to this court clearly holding that the statute of limitations begins to run at the time of a person's release on parole is Mitchell v. Greenough, 100 F.2d 184 (9th Cir. 1938). In that case the court dealt with a Washington disability statute similar to AS 09.10.140 and held that the statute of limitations ran during time on parole. If the Alaska statutes were identical to those in Washington, this holding of *Mitchell* might be accorded substantial weight. Washington, however, had no statute similar to AS 33.15.190 expressly making parolees subject to the same loss of civil rights as one imprisoned.

This court again, as in Bush v. Reid, must face the literal wording of AS 33.15.190 which expressly states that a parolee is subject to the disabilities imposed by AS 11.05.070. In *Bush* we found that the right to initiate civil suit is a right suspended by AS 11.05.070; and that under AS 33.15.190 parolees—similar to convicts—are subject to this disability. Our additional finding that the statutes were unconstitutional in so depriving the parolee of access to the courts may not properly be considered retroactive. If we were to give such effect to our holding in *Bush,* the statute of limitations would have begun to run upon McCracken's release on parole, but under the wording of the statutes then in effect, a parolee had no right to bring suit during the time he was on parole. Thus a parolee might totally lose his right to bring a civil suit, rather, than having that right merely suspended during time of sentence. For example, if the time of parole was longer than two years, the statute of limitations would bar any action; and the combination of AS 11.05.070 and AS 33.15.190 would have prevented filing at any point before release from parole. Such a result would be inconsistent with the legislative intent to suspend, not abolish, the exercise of civil rights while imprisoned or on parole, and would result in violation of due process.[5] This statute of limitations problem will not be a factor in future cases brought by parolees due to our holding in *Bush* that AS 33.15.190 unconstitutionally deprives parolees of the right

---

5. *See* Bush v. Reid, 516 P.2d 1215, 1217–1220 (Alaska 1973).

to initiate civil suits. We apply the holding in *Bush* prospectively, however, not retroactively.[6] McCracken was entitled to rely on the literal reading of the statutes as they then existed in delaying his suit until after his release from parole.

We, therefore, hold that the statute of limitations was tolled during the time McCracken was on parole, a period of statutory disability. McCracken had two years after release from parole in which to file suit. We affirm the lower court's denial of the motion to dismiss.

■ The State further argues that Audrey McCracken does not have the benefit of any statute tolling the statute of limitations, and that since her present action for loss of consortium against the State of Alaska was filed more than two years after the accident in question, her claim should be dismissed. The question of whether the statute of limitations should be tolled as to a wife's loss of consortium claim when the husband is under a statutory disability involves numerous complex legal issues. The State failed to argue it below[7] and devoted only an eight-line paragraph devoid of authority to the question in its brief here. This court, therefore, refuses to order dismissal of Audrey McCracken's claim and does not consider this matter.[8]

A final argument submitted by the State is that McCracken should not be able to maintain multiple actions. On November 19, 1969, Tracy and Audrey McCracken filed an action in the superior court against Arctic Motor Freight, Superior Court No. 69-3192, Third Judicial District, identical to the present action except for the present claim against the State of

Alaska. The State contends that the first action in time has priority, and the second should be dismissed.

■ In support of its argument to dismiss the present suit, the State cites this court's opinions in Coughlan v. Coughlan, 423 P.2d 1010 (Alaska 1967); Miller v. Johnson, 370 P.2d 171 (Alaska 1962); and Harding v. Harding, 366 P.2d 128 (Alaska 1961). A reading of those cases, however, reveals that in all of them, the parties were identical in the multiple suits. In the present case, McCracken originally sued Arctic Motor Freight alone; and then, in the second suit, joined the State as a defendant under a separate theory of liability. The State, consequently, is a defendant in only one suit and need not defend against multiple actions.

Additionally, in this case, the question arose as to whether or not the first case was valid due to the possibility that a parolee could not initiate civil suits; the McCrackens apparently refiled to protect the validity of their action. McCracken points out that they intend to pursue only one of the suits, depending upon this court's determination of when he had the right to bring the suit. We therefore find that although two actions were filed by McCracken, they should not be considered multiple actions for the purpose of dismissal.

Affirmed.

CONNOR, ERWIN and FITZGERALD, JJ., not participating.

## ON PETITION FOR REHEARING

■ The State of Alaska seeks a rehearing based on an argument not squarely

6. After December 14, 1973, the date of the *Bush* opinion, time spent on parole shall not toll the statute of limitations, provided however, that any person on parole as of that date shall, in any event, have one year from that date within which to bring an action. *Cf.* Chevron Oil Co. v. Huson, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971).

7. The State did mention such a conclusion in one sentence of its supplementary memo-

randum below, but the point was never raised in argument nor was it passed on by the trial court.

8. *See, e. g.,* Hoblit v. Greater Anchorage Area Borough, 473 P.2d 630, 632 (Alaska 1970); State v. 7.536 Acres, 431 P.2d 897, 900 (Alaska 1967); Watts v. Seward School Bd., 423 P.2d 678, 679 (Alaska 1967); Williams v. Delay, 395 P.2d 839, 847 (Alaska 1964).

presented in its petition for review and brief filed in support thereof. Furthermore, the argument now presented was not clearly stated during oral argument. For these reasons, we do not consider the argument when made in support of a petition for rehearing.

Petition for rehearing denied.