AUDREY L. McCRACKEN, Appellant,

v.

James Reginald DAVIS and Arctic Motor Freight, Inc., Appellees.

No. 2849.

Supreme Court of Alaska.

Feb. 28, 1977.

James P. Doogan, Jr., Gallagher, Cranston & Snow, Anchorage, for appellant.

Clair R. Rich and James D. Miller, Robertson, Monagle, Eastaugh & Bradley, Anchorage, for appellees.

## OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, ERWIN and BURKE, JJ.

ERWIN, Justice.

The issues presented in this civil appeal will be addressed following a statement of the facts.

On the 7th of October, 1969, a truck driven by James Davis (appellee herein) and owned by Arctic Motor Freight overturned on a highway near Fairbanks, Alaska, injuring Mr. Tracy McCracken, a passenger in the truck. On November 19, 1969, Tracy McCracken and his wife, Audrey L. McCracken (appellant herein), filed a civil complaint against Arctic Motor Freight in superior court alleging that Davis was the driver of the accident vehicle which was owned and operated by Arctic; however, Davis was neither named as a party defendant nor served with the complaint.

On January 15, 1970, the McCrackens served a discovery motion requesting that Arctic produce "all public liability and property damage insurance policies, if any, held by the defendant or under which the defendant or the defendant's driver may be insured." Pursuant to this motion, plaintiffs were provided a copy of an insurance policy showing coverage for both Arctic and James R. Davis as driver. Also as part of the discovery process in their original suit, plaintiffs' counsel deposed Davis on January 28, 1970. In that deposition Davis acknowledged that he was the driver of the accident truck.

On February 2, 1972, the McCrackens filed a second complaint in superior court naming the State of Alaska as a co-defendant with Arctic. This second complaint also alleged Davis' negligent conduct as driver of Arctic's truck. Again, Davis was not named as a defendant, nor was he served with the complaint. Arctic's answers to the allegations of Davis' agency and negligence were general denials.

The State of Alaska moved to dismiss the plaintiffs' complaint on March 22, 1972, contending that the applicable two-year limitations period had run before it was joined as a defendant. Ultimately, the case came before this court concerning the question of tolling of the statute of limitations for persons on parole, for at the time of the accident Tracy McCracken was on a "work release" from state jail, where he was then serving a sentence for a criminal conviction. In *State v. McCracken,* 520 P.2d 787, 790 (Alaska 1974), this court held that the limitations period on Tracy McCracken's personal injury claims arising from the subject accident commenced running on his parole release date, July 21, 1971.

The McCrackens moved to amend their respective complaints to add Davis as a party defendant on April 23, 1974 (Audrey L. McCracken), and on April 25, 1974 (Tracy S. McCracken). Although defendant Arctic opposed these motions, on July 30, 1974, the superior court granted the motions to amend, reserving the statute of limitations issue for later decision.

Davis, in answering the McCrackens' complaints, affirmatively alleged that the plaintiffs' claims were barred by the statute of limitations. Davis on September 13th moved for summary judgment against both plaintiffs, noting that the two-year tort statute of limitations prescribed by AS 09.-10.070 [1] barred the McCrackens' claims

1. AS 09.10.070 provides:

No person may bring an action (1) for libel, slander, assault, battery, seduction, false imprisonment, or for any injury to the person or rights of another not arising on contract and not specifically provided otherwise; (2) upon

against him after July 22, 1973. The McCrackens opposed this motion, contending that, notwithstanding the statute, their amended complaint against Davis should relate back to February 2, 1972, the filing date of their second complaint.

After hearing oral argument on the Davis motion for summary judgment, the superior court held that there were no material facts at issue and that the plaintiffs' claims were time-barred by plaintiffs' failure to move to join Davis as a defendant on or before July 22, 1973. Accordingly, on December 20, 1974, Davis was dismissed as a party defendant from the action. Both the State of Alaska and Arctic remained party defendants to plaintiffs' suit until August 6, 1975, when they were ordered dismissed in accordance with the terms of a settlement stipulation.

On January 23, 1975, the court allowed Audrey McCracken's Alaska counsel to withdraw from the case. She had been absent from the state for some time and was not then financially able to return. Thereafter Ms. McCracken obtained new counsel and on July 9, 1975, she filed a motion entitled "Motion for Reconsideration of Order Granting Summary Judgment in Favor of Defendant James Davis." In the memorandum supporting the motion, Ms. McCracken stated that her former counsel had failed to bring the allegedly controlling case of *Jakoski v. Holland,* 520 P.2d 569 (Alaska 1974), to the court's attention before the court dismissed Davis as a defendant. Ms. McCracken requested alternative relief under the provisions of either Civil

Rule 60(b)(1),[2] or Appellate Rule 27(a)(1)[3] through equitable operation of Civil Rule 92,[4] based on what she characterized as the oversight of the *Jakoski* decision. On July 15, 1975, Ms. McCracken filed a request for oral argument on her motion for reconsideration.

Davis opposed the motion for reconsideration on August 4, 1975, arguing among other issues that the *Jakoski* decision merely restated earlier Alaskan case law concerning relation-back of amendments. On August 11, 1975, Ms. McCracken replied to Davis' opposition to the motion for reconsideration and later submitted a supplemental reply in favor of her motion. On September 23, 1975, she noticed hearing on her motion for November 12, 1975.

On the day scheduled for argument, Audrey's counsel was notified by the clerk of the superior court that the hearing was postponed until December 9, 1975. Counsel therefore filed a re-notice as well as supplemental written arguments. However, without further notice to Audrey McCracken or her counsel, the superior court entered a minute order on November 26, 1975, denying her motion.

In denying appellant's motion, the court held that the *Jakoski* decision did not control on the issue of relation-back of amendments adding party defendants after the statute of limitations had run. Instead, the court found that the *Jakoski* decision was a restatement of prior Alaskan law briefed and argued to the court on the original Davis summary judgment motion.

---

a statute for a forfeiture or penalty to the state; or (3) upon a liability created by statute, other than a penalty or forfeiture; unless commenced within two years.

**2.** Alaska Rule of Civil Procedure 60(b)(1) reads:

(b) *Mistakes—Inadvertence—Excusable Neglect—Newly Discovered Evidence—Fraud—Etc.* On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise or excusable neglect; . . .

**3.** Alaska Rule of Appellate Procedure 27(a)(1) reads:

(a) *Grounds for Petition.* The court may order a rehearing of a matter previously decided if, in reaching its decision

(1) The court has overlooked, misapplied or failed to consider a statute, decision or principle directly controlling; . . .

**4.** Alaska Rule of Civil Procedure 92 reads:

These rules are designed to provide for the efficient operation of the courts of the State of Alaska. If no specific procedure is prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules, the constitution, and the common law.

On December 9, 1975, plaintiff Audrey McCracken filed a motion to vacate this order, citing the court's failure to notify plaintiff of the hearing on her motion and failure to allow oral argument. The next day plaintiff filed a request for oral argument on her motion to vacate. On February 6, 1976, the superior court issued a written order again denying the McCracken Motion for Reconsideration. Ms. McCracken now appeals from the February 6, 1976, order denying her July 9, 1975, Motion for Reconsideration.

■ Appellant raises two specific allegations before this court. First, did the superior court commit reversible error by failing to afford McCracken notice and opportunity for oral argument on her motion for relief from judgment and to vacate an order? Second, did the superior court abuse its discretion by denying appellant's motion for relief from judgment? With regard to the first of these issues, it is clear initially that the trial court committed error in denying oral argument to appellant in this case under Alaska Rule of Civil Procedure 77(d).[5] There are no allegations here that appellant did not comply with the accompanying prerequisites of Rule 77. Rather, it appears the court simply failed to follow the mandate of the rule in this instance.

■ In a case where the conduct of the trial court is so clearly erroneous, the question becomes whether such an error is harmless under Civil Rule 61.[6] Appellant urges that failure to allow oral argument should never be considered harmless error, for such a holding would invite disregard for the clear provisions of the Rules of Civil Procedure. Further, it is pointed out that there would be no remedy to the aggrieved party if such a holding were reached. While there is some merit in the contentions of the appellant, we find that this court can devise necessary remedial steps in each case under its supervisory power[7] to protect the rights of litigants. In any appropriate case where there is disregard for the rules of court, this court can exercise such power to return the case to the trial court for further proceedings. A consistent pattern of disregard can thus be reached. and remedied in such a way.

■ Harmless error, within the context of Civil Rule 61, has been interpreted by *Zerbinos v. Lewis,* 394 P.2d 886, 889–90 (Alaska 1964), and *Sloan v. Atlantic Richfield Company,* 541 P.2d 717, 722 (Alaska 1975), as requiring the appellant to not only show error, but as a second step "substantial prejudice" must also be demonstrated. In *Martinez v. Bullock,* 535 P.2d 1200, 1206 (Alaska 1975), we employed the analytical approach found in the United States Supreme Court case of *Kotteakos v. United States,* 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946), and utilized it in determining

5. Alaska Rule of Civil Procedure 77(d) reads:
 (d) If the moving party desires oral argument on the motion, he shall file together with his motion a notice of hearing. The notice of hearing shall include a certificate by counsel that in his opinion oral argument is necessary. The hearing date shall be set not less than 15 nor more than 25 days from the date of filing or the date of service of the motion, whichever date is later. In cases of motions to dismiss, motions for summary judgment and motions for judgment on the pleadings, the hearing date shall be set not less than 25 days nor more than 40 days from the date of filing or the date of service of the motion, whichever date is later.

6. Alaska Rule of Civil Procedure 61 reads:
 No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties

is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

7. Article IV, § 15, of the Alaska State Constitution provides:
 The supreme court shall make and promulgate rules governing the administration of all courts. It shall make and promulgate rules governing practice and procedure in civil and criminal cases in all courts. These rules may be changed by the legislature by two-thirds vote of the members elected to each house.

whether the error there was of the harmless type. In *Martinez* we stated,

> The United States Supreme Court, in considering a . . . statute . . . substantively the same as Civil Rule 61, announced workable practical guidelines for an appellate court's use in making the difficult judgments called for by Civil Rule 61:
>
>> It comes down on its face to a very plain admonition: "Do not be technical, where technicality does not really hurt the party whose rights in the trial and in its outcome the technicality affects."[8]
>>
>> If, when all is said and done, the conviction is sure that the error did not influence the jury, or had but a very slight effect, the verdict and the judgment should stand. . . . *But if one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected.* The inquiry cannot be merely whether there was enough to support the result, apart from the phase affected by the error. It is rather, even so, whether the error itself had substantial influence.[9]

In *Martinez,* after setting forth this approach the court noted further that harmless error cannot be decided by a "mechanistic verbal formulae,"[10] but rather courts must consider the circumstances surrounding the error. The *Kotteakos* approach to "harmless error" within the civil context[11]

was employed first by this court in *Davis v. Chism,* 513 P.2d 475, 486 (Alaska 1973).

Looking to the surrounding circumstances here we find no prejudice to the appellant. The entire purpose of both requests for oral argument centered on appellant's assertion that Alaska case law pertinent to an earlier decision by the trial court had been overlooked. To this end the motion itself clearly stated what the appellant wished the trial court to consider, i. e.:

> It is plaintiff Audrey McCracken's position the matter as originally briefed before this court did not fully disclose all the relevant case law on the issue of the relation-back of the amended complaint and that as a matter of law, defendant James Davis was not entitled to summary judgment. (Record on Appeal, Vol. III, p. 416)

Before the trial court made any decision on appellant's motion, appellant submitted a memorandum to accompany the motion, a reply memorandum to the appellee's opposition motion, and a supplemental reply memorandum. Therefore, the record of the proceeding below makes it clear to us that the judge was fully apprised of the issue before the court and the appellant's position was fully and fairly presented for the judge's consideration.

In applying the *Kotteakos* test to the facts of the case presently before bar, we find that we can say with fair assurance that the judgment was not substantially swayed by the error. Accordingly, we find the error of the trial judge in refusing to allow oral argument to be harmless.

---

8. *Kotteakos v. United States,* 328 U.S. 750, 760, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946).

9. *Id.* at 764–765 (emphasis added) (citation omitted).

10. 535 P.2d at 1206, citing *Love v. State,* 457 P.2d 622, 629 (Alaska 1969), wherein we stated:
> It is not easy to express in mechanistic verbal formulae a rule comprehending the many factors which motivate that act of judgment. The interplay of impression and analysis, the experience and legal philosophy of the judge, the necessity to balance between competing interests, and a detailed consideration of the

actualities in each case, all contribute inevitably to the result.

11. The *Kotteakos* case was itself a criminal matter, and we first adopted its approach in an Alaska criminal setting in the case of *Love v. State,* 457 P.2d 622, 631 (Alaska 1969). However, the *Kotteakos* case itself makes it clear that the court intended its "harmless error" discussion to be fully applicable to civil cases. *See* 328 U.S. at 757 n. 9, 762–63. *See also* C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2883, at 275–80 (1973).

We next turn to the issue of whether the superior court abused its discretion by denying appellant's motion for relief from judgment without properly considering and giving effect to controlling decisions of the Alaska Supreme Court.

■ Appellant McCracken's appeal is taken from the superior court's order of February 6, 1976, denying her motion for reconsideration of July 9, 1975, brought under Civil Rule 60(b)(1).[12] The entry of summary judgment in favor of appellee Davis on December 20, 1974, was made final by entry of a stipulation for dismissal of the remaining parties on August 6, 1975. Thus, insofar as the summary judgment is concerned, we find it not to be an appropriate subject for appellate review on the merits, since the 30-day appeal period[13] began to run on August 6, 1975. Accordingly, it expired before appellant McCracken filed her notice of appeal on February 23, 1976.

■ We held in *Wellmix, Inc. v. City of Anchorage,* 471 P.2d 408 (Alaska 1970), that an appeal from an order denying relief from judgment under Rule 60(b) does not bring up the underlying judgment for review. As we noted there:

> A Rule 60(b) motion for relief from a judgment "does not affect the finality of a judgment or suspend its operation." This means that the filing of such a motion does not terminate the running of the time for appeal from a final judgment. It must also mean that an appeal from a denial of a Rule 60(b) motion does not bring up the final judgment for review.[14]

Therefore the single issue for review is: Did the superior court abuse its discretion with respect to the appellant's motion?

The parties are in agreement that the proper standard for appellate review is whether or not the superior court abused its

discretion by denying appellant McCracken's Civil Rule 60(b) motion.[15] The operational definition of "abuse of discretion" is set forth in *Gravel v. Alaska Village, Inc.,* 423 P.2d 273, 277 (Alaska 1967), wherein it is stated:

> The granting of relief from a judgment is addressed to the sound discretion of the trial court. That court's ruling will not be disturbed except upon a showing of an abuse of discretion, which would be the case only if we were left with the definite and firm conviction on the whole record that the judge had made a mistake . . . . (footnotes omitted)

The legal issue is whether Alaska case law permits the addition of a party defendant after the expiration of the applicable statute of limitations. This question concerns Alaska Rule of Civil Procedure 15(c), which states:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

Further, this question concerns the interpretation given Civil Rule 15(c) by this court in the case of *Jakoski v. Holland,* 520 P.2d 569 (Alaska 1974).

Appellee analyzes *Jakoski* as a restatement of existing Alaska law, while appellant McCracken contends that *Jakoski* represents a clear departure from previous Alaska case law and should be viewed as interpreting Civil Rule 15(c) as primary precedent for allowing an amended complaint to add a new party after the limitations period has run.

Appellant McCracken illuminates this position further by contending:

> In reaching its decision to allow the amended complaint to relate back, the

---

**12.** See footnote 2 for text of Civil Rule 60(b)(1).

**13.** Alaska Rule of Appellate Procedure 7 proscribes the period of time in which to take an appeal.

**14.** 471 P.2d at 411 (footnotes omitted).

**15.** *Alaska Placer Company v. Lee,* 502 P.2d 128, 129 (Alaska 1972); *Alaska Truck Transport, Inc. v. Berman Packing Company,* 469 P.2d 697, 698 (Alaska 1970).

*Jakoski* court reasoned that the statute of limitations was not intended to protect a defendant from liability where he clearly was aware of the facts giving rise to such liability within the limitations period, and where the delay alone would not prejudice his defense. This reasoning, McCracken urges, must apply with equal force to the situation where, as here, a new party defendant is sought to be joined by amendment. *Jakoski* sets out a valid exception to the statute of limitations defense. Logically, that exception must apply, in the proper circumstances, to new defendants as well as "old" ones.[16]

A reading of *Jakoski* shows that in that case we allowed the addition of a new party plaintiff to a pending lawsuit where the claim of the new party plaintiff was based on or derived from "the same conduct, transaction, and occurrence relied upon in the original pleading." *Jakoski* does not address the situation where a plaintiff seeks to bring into the law suit a new party defendant. Thus, to adopt the interpretation of *Jakoski* advocated by the appellant, i. e., *Jakoski* is primary precedent for allowing an amended complaint to add a new defendant, is to overlook the differences with respect to legal status between defendants and plaintiffs. While there is validity to the position taken by the appellant that a defendant should not be protected from liability based on the statute of limitations, absent prejudice, if the defendant knew of the facts of the claim, this approach misses one critical point. Here Davis was not a defendant, for he was not a party. Inherent by implication in our prior case law is the reasoning that because the defendant was made a party in a matter timely filed, and given that the new plaintiff's claim grew out of that conduct which forms the basis of the timely filed claim, the statute of limitations should not be a bar since the defendant had notice and opportunity to prepare a defense within the statutory time limit. This reasoning is squarely within the general theory of the statute of limitations. As we stated in *Byrne v. Ogle*, 488 P.2d 716 (Alaska 1971):

> It is generally recognized that the purpose of statutes of limitations is to encourage promptness in the prosecution of actions and thus avoid the injustice which may result from the prosecution of stale claims. Statutes of limitations attempt to protect against the difficulties caused by lost evidence, faded memories and disappearing witnesses.[17]

On the facts here, while the defendant may have been aware of a law suit, he was not necessarily documenting evidence for his defense, nor had he hired counsel to represent him since he was not a party to the action. Nothing in the *Jakoski* case supports the appellant's interpretation, which would in effect allow unqualified joinder limited only by a showing of party prejudice.

 Most certainly the issue of whether this court should interpret Civil Rule 15(c) to permit the addition of party-defendants is a complex question requiring careful examination. However, this is not the question presently before the court. The only question here is whether the trial court below abused its discretion in finding that existing Alaska case law did not mandate and control this question in a manner consistent with the appellant's position. Thus, applying the *Gravel* standard, which requires that we reach a "definite and firm conviction on the whole record that the judge had made a mistake,"[18] it is clear this standard has not been met. Accordingly, we AFFIRM.

---

16. Appellant's Reply Brief at pages 10–11 (emphasis and footnote omitted).

17. 488 P.2d at 718 (footnote omitted).

18. 423 P.2d at 277.