**CLEARY DIVING SERVICE, INC., Eugene Cleary and Florence Cleary, Appellants,**

v.

**THOMAS, HEAD AND GREISEN, a professional corporation, Donald Thomas and Theodore Sherwin, Appellees.**

No. 7795.

Supreme Court of Alaska.

Sept. 21, 1984.

---

George E. Weiss, George E. Weiss & Associates, Anchorage, for appellants.

Burton C. Biss, Biss & Holmes, Wasilla, for appellees.

Before BURKE, C.J., RABINOWITZ, MATTHEWS, and COMPTON, JJ.

## OPINION

PER CURIAM.

This appeal arises out a cause of action by Eugene and Florence Cleary (and Cleary Diving Service, Inc.), the appellants, alleging that Thomas, Head and Greisen, a professional accounting corporation, and Donald Thomas and Theodore Sherwin (hereafter "the defendants") improperly performed accounting services for the Clearys. The cause of action was eventually dismissed without prejudice for want of prosecution by the superior court, Judge Daniel A. Moore, Jr. presiding. This appeal is from a 60(b) motion attacking that dismissal. We affirm.

■ First, we conclude that the Clearys were not improperly denied a hearing on their 60(b) motion. Civil Rule 77 does give a party the right to oral argument on a 60(b) motion if the party has complied with the prerequisites contained in Rule 77(d), *McCracken v. Davis*, 560 P.2d 771, 773–74 (Alaska 1977), however the Clearys did not comply with these prerequisites. Rule 77(d) provides that if either party desires oral argument on a motion, that party must file a timely notice of hearing and the "notice of hearing shall include a certificate by counsel that he or she has attempted to resolve the matter with opposing counsel and that in his or her opinion oral argument is necessary." While the Clearys filed a timely notice of hearing, that notice did not contain the required certificate by counsel.

■ Even if oral argument had been properly requested, any error by the superior court in not holding a hearing was harmless. A party on appeal who alleges that oral argument was improperly denied must show both that the denial was in error and that the error caused substantial prejudice. *Davis* at 774. The Clearys do not allege any specific prejudice. Finally, the Clearys' assertion that they were denied due process because no hearing was held on their 60(b) motion is meritless. *See* 7 pt. 2 J. Moore, Moore's Federal Practice ¶ 78.02, at 78–4–5 (1984) (while due process requires that a plaintiff must have a fair opportunity to present oral argument, oral argument is not required by due process); 12 C. Wright and A. Miller, Federal Practice and Procedure § 3091, at 184 (1973) (no constitutional right to oral argument on motions).

■ Second, we conclude that the superior court did not abuse its discretion in denying the Clearys' 60(b) motion. The Clearys apparently argued that their failure to contest the defendant's motion to dismiss was the result of excusable neglect under Rule 60(b)(1), and thus the dismissal should be vacated. The argument is that the Clearys were misled by a court clerk who told them that a note which was left in the file would guarantee them a hearing before their cause of action was dismissed.[1] However, the Clearys were sent notice of the defendants' motion to dismiss for want of prosecution and in fact received notice of the motion before it was granted.

■ The Clearys also apparently argue that their motion should have been granted based on mistake of law under Rule 60(b)(1). While Rule 60(b) motions are not a substitute for appeal, such a motion based upon an error of law committed by either counsel or the court may be made within thirty days from the entry of judgment. *Pearson v. Bachner*, 503 P.2d 1401,

---

1. Rule 60(b) provides relief for, "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); ..." The Clearys' reply brief intimates that this subsection is implicated because the trial court did not know of the erroneous advice of the court clerk when it granted the motion to dismiss. However, the Clearys could have brought this information to the attention of the trial court with due diligence.

The Clearys also assert that they are entitled to relief under Rule 60(b)(6) which allows relief for "any other reason justifying relief from the operation of the judgment." However, relief under subsection (6) is reserved for extraordinary circumstances not covered by the preceding clauses of Rule 60(b), *Farrell v. Dome Laboratories*, 650 P.2d 380, 385 (Alaska 1982); *O'Link v. O'Link*, 632 P.2d 225, 229 (Alaska 1981), and the Clearys have alleged no such extraordinary circumstances.

1402 n. 5 (Alaska 1972). The Clearys made their 60(b) motion within this time limit.

 Civil Rule 41(e) governs dismissals for want of prosecution. This rule provides in relevant part:

> Actions which have been pending in court for more than one year without any proceedings having been taken therein may be dismissed as of course, for want of prosecution, by the court on its own motion or on motion of a party to the action.

Thus, the critical issue is whether the Clearys' note asking the court not to dismiss their action since they had not been able to find an attorney to represent them was a "proceeding" under Rule 41(e). We have stated that:

> [A] "proceeding" as the term is used in [Rule 41(e)] is a step, act or measure of record, by the plaintiff, which reflects the serious determination of the plaintiff to bring the suit to a resolution; or a step, act or measure of record, by either party, which reflects that the suit is not stagnant.

*Shiffman v. K, Inc.,* 657 P.2d 401, 403 (Alaska 1983).

The Clearys argue that the note was an act which reflected a serious determination to bring the suit to a resolution and that it reflected that the suit was not stagnant. The defendants disagree with this conclusion. They also argue that the note cannot constitute a proceeding under Rule 41(e) since it was not served on them. They further argue that they would suffer substantial prejudice if the Clearys were allowed to continue their suit almost seven years after the cause of action arose.

We conclude that the superior court did not abuse its discretion by granting the dismissal. We do not believe the Clearys' note reflected that the suit was not stagnant. The only affirmative action taken on the suit by the Clearys from the time it was filed on November 28, 1979 until the

motion of dismissal was granted on March 7, 1983 was one motion to compel discovery which was denied on June 17, 1981. While the superior court should have taken into consideration special circumstances such as the Clearys' alleged inability to obtain counsel, *Shiffman,* 657 P.2d at 403, we find that the court could have reasonably concluded that the extended delay in the present case was not due to an inability to hire counsel.

 Further, in order to prevail on a 60(b) motion, a movant must generally show the existence of a meritorious claim as well as one of the grounds stated in the rule, such as excusable neglect or mistake. *Balchen v. Balchen,* 566 P.2d 1324, 1328 (Alaska 1977).[2] The Clearys do not discuss this issue and the only showing of a meritorious claim presented with their 60(b) motion was a statement in Ms. Cleary's affidavit that, "several people with accounting and tax expertise ... have advised us that the defendants were clearly negligent." This statement is insufficient.

The decision of the superior court is AFFIRMED.

---

**2.** The existence of a meritorious claim need not be shown if the basis for relief is a denial of due process. *Pew v. Foster,* 660 P.2d 447, 449 (Alaska 1983). However, there was no due process violation by not granting a hearing on the defendants' motion to dismiss when none was requested.