Lorrie P. VALENTINO, Appellant,

v.

Kenneth L. COTE, Appellee.

Nos. S–8971.

Supreme Court of Alaska.

June 16, 2000.

Lorrie Valentino, pro se, Anchorage.

Kenneth L. Cote, pro se, North Adams, Massachusetts.

Before MATTHEWS, Chief Justice, EASTAUGH, FABE, BRYNER, and CARPENETI, Justices.

## OPINION

CARPENETI, Justice.

## I. INTRODUCTION

Lorrie Valentino appeals the superior court's May 1998 decision to grant her former husband Kenneth Cote's motion to modify child custody and transfer legal and physical custody of their fourteen year old child, E.C., to him. Because the trial court did not abuse its discretion in awarding custody of E.C., we affirm.[1]

## II. FACTS AND PROCEEDINGS

### A. Facts

Lorrie Valentino and Kenneth Cote were married in Anchorage in 1983. Two children were born of their marriage: E.C. in 1984 and D.C. in 1985. When Lorrie and Kenneth divorced in 1988, Lorrie was awarded sole legal and physical custody of both children.

### B. Proceedings

In December 1997 Kenneth filed a motion for temporary custody, alleging that E.C. no longer wanted to live with Lorrie, who had been physically abusive towards him. This motion was denied on March 23, 1998, on the grounds that no substantial change in circumstances existed which warranted an alteration of the existing custody arrangement.

In April 1998 E.C. ran away from Lorrie's home in Anchorage to Kenneth's home in Eagle River after an altercation with Lorrie and her live-in boyfriend, Rex Weimer. The following day, E.C. sought and obtained a twenty-day restraining order against Lorrie and Rex on the grounds that Rex had attempted to choke him. E.C. also petitioned for a permanent restraining order against Lorrie and Rex. The superior court set a May 4 date for a hearing on the petition and

---

1. Valentino also appeals the superior court's subsequent modification of Cote's child support; we do not reach the merits of this issue because it is premature. See infra Part III.C of this opinion.

ordered the Division of Family and Youth Services (DFYS) to conduct an investigation.[2]

All of the parties were present at the May 4 hearing conducted by Magistrate Andrew M. Brown. Magistrate Brown found that Lorrie had engaged in an act of domestic violence against E.C. and ordered Lorrie to attend parenting classes. Magistrate Brown therefore extended the restraining order for another thirty days.

On May 6 Kenneth filed a motion to re-open and reconsider the March 23 denial of his motion for temporary custody, alleging that E.C. ran away from Lorrie's house and that E.C. had obtained a restraining order against Lorrie and her boyfriend. At the May 21 hearing on Kenneth's motion, Superior Court Judge Sen K. Tan heard the testimony of E.C., DFYS social worker Anthony Louveau, and several of E.C.'s teachers.

In an order dated August 18, 1998, Judge Tan granted Kenneth's motion, awarding him sole legal and physical custody of E.C. Judge Tan specifically found that Lorrie had not physically abused E.C.[3] and stated that the primary basis for his decision was the preference of E.C., whom he found to be "mature" and "of sufficient capacity" to make a reasoned decision. Judge Tan also found that shared legal custody was not a viable option given Kenneth and Lorrie's long, litigious history and conduct at the hearing.

On October 31, 1998, Judge Tan entered an order reducing Kenneth's child support obligation from $753 to $558 to reflect the change in E.C.'s custody.[4] Judge Tan based this change on 1996 CSED documents, which had set Kenneth's level of support at $753 for two children and $558 for one.

Lorrie promptly filed a motion to reconsider Judge Tan's modification of Kenneth's support obligation, which led to a December 7, 1998 order directing Kenneth to produce his current income information. After learning in January 1999 that Kenneth had not received service of the motion to reconsider, Judge Tan decided to hold this order in abeyance until Lorrie served the motion. Lorrie served the motion on Kenneth on January 8, 1999. The next day, Lorrie filed her notice of appeal, thus removing jurisdiction from the superior court before Judge Tan had an opportunity to rule on her motion to reconsider.

Lorrie appeals.

### III. STANDARD OF REVIEW

 Trial courts are vested with broad discretion in determining child custody issues.[5] We review the superior court's decision to modify custody under the abuse of discretion standard.[6] We will not reverse a trial court's resolution of custody issues unless, after a review of the entire record, we are convinced that the trial court abused its discretion or that its controlling factual findings are clearly erroneous.[7] An "[a]buse of discretion is established if the trial court considered improper factors, failed to consider statutorily-mandated factors, or improperly weighted certain factors in making its determination."[8] We will hold that a factual finding made by the trial court is clearly erroneous only if we are left "with a definite and firm conviction that the superior court has made a mistake."[9]

---

2. Lorrie moved to dissolve this order on April 27; the trial court denied her motion.

3. Judge Tan consequently vacated the restraining order against Lorrie and her boyfriend.

4. Kenneth had initially sought $50 per month in child support for E.C. from Lorrie. After the superior court denied this motion because the $50 figure did not comply with the requirements of Alaska Civil Rule 90.3, Kenneth never sought child support from Lorrie again; he merely petitioned the court to reduce his own child support obligation to take into account his sole custody of E.C.

5. See Julsen v. Julsen, 741 P.2d 642, 648–49 (Alaska 1987) (citations omitted).

6. See Acevedo v. Liberty, 956 P.2d 455, 457 (Alaska 1998) (citation omitted).

7. See Gratrix v. Gratrix, 652 P.2d 76, 79–80 (Alaska 1982) (citation omitted).

8. Id. at 80 (citation omitted).

9. Siekawitch v. Siekawitch, 956 P.2d 447, 449 (Alaska 1998) (citation omitted).

## IV. DISCUSSION

### A. The Superior Court Did Not Abuse Its Discretion in Granting Kenneth Custody of E.C.

Lorrie contends that the trial court erred in granting Kenneth's motion to modify custody for three reasons: (1) Kenneth failed to show a significant change in circumstances since the entry of the previous custody order; (2) the trial court improperly allowed E.C.'s preference to be the deciding factor in its decision to modify custody; and (3) the trial court failed to consider Kenneth's failure to abide by prior child support orders. We reject each of these arguments.

#### 1. Kenneth demonstrated a significant change in circumstances since the entry of the previous custody order.

We have held that a custody modification is valid if (1) the non-custodial parent establishes that a change in circumstances has occurred; and (2) the modification is in the best interests of the child.[10] Lorrie alleges that Kenneth did not satisfy the former of these requirements.

 To warrant a custody modification, the change in circumstances must be "significant" or "substantial."[11] Moreover, the requisite change in circumstances must be demonstrated relative to the facts and circumstances that existed at the time of the custody order that a parent seeks to have modified.[12] Therefore, in order to obtain a custody modification, Kenneth was required to show that a "significant" or "substantial" change in E.C.'s circumstances had occurred from the time of the previous custody order sought to be modified.[13] Kenneth satisfied this burden.

At the hearing on Kenneth's motion for modification, the trial court heard evidence of a number of changes in circumstances that occurred since the trial court entered its previous custody order. The most important changes in circumstances were the deterioration of the relationship between Lorrie and E.C. in the months preceding the hearing and E.C.'s subsequent move to Kenneth's home and his refusal to live with Lorrie.[14] Together these changes clearly constituted a substantial change in circumstances that justified a review of the existing custody arrangement. Accordingly, the superior court did not abuse its discretion in deeming that Kenneth had satisfied his burden of demonstrating a substantial change in circumstances.

#### 2. The superior court did not abuse its discretion in allowing E.C.'s preference to be the deciding factor in its decision to modify custody.

Lorrie argues that the superior court erred in basing its decision to modify E.C.'s custody upon the preferences of E.C. Again, we disagree.

Alaska Statute 25.24.150(c)(3) requires courts making custody determinations to consider "the child's preference if the child is of sufficient age and capacity to form a preference[.]" In addition, we have stated that trial courts should place weight upon an old-

---

10. See Nichols v. Mandelin, 790 P.2d 1367, 1372 (Alaska 1990) (citations omitted). These two conditions are taken directly from AS 25.20.110(a), which provides that an award of child custody "may be modified if the court determines that a change in circumstances requires the modification of the award and the modification is in the best interests of the child." In S.N.E. v. R.L.B., 699 P.2d 875, 878 (Alaska 1985), we stated that the burden of proving the "change in circumstances is on the moving parent." Id. at 878.

11. See Nichols, 790 P.2d at 1372.

12. See id.

13. The previous custody order, dated May 29, 1997, reiterated the original 1988 custody order that was issued at the time of Lorrie and Kenneth's divorce and granted sole legal and primary physical custody of D.C. and E.C. to Lorrie. We measure a change in circumstances by examining the sum total of events that occurred in the period between the existing custody order and the present motion, regardless of whether intervening motions for modification have been filed and denied.

14. See Long v. Long, 816 P.2d 145, 151 (Alaska 1991) (stating that a teenager's voluntary relocation to the noncustodial parent's home constitutes a change in circumstances).

er child's preferences.[15] In *Veazey*, we suggested that while a young child's preferences are often unreliable because he or she can be easily influenced by the behavior of his or her parents,[16] "a relatively mature teenager's reasoned preference is not so lightly to be disregarded."[17]

■ In the present case, the superior court found that E.C. was of sufficient age and capacity to form a preference. After hearing E.C.'s testimony, Judge Tan stated that he found E.C. "to be a mature young man, of sufficient capacity to decide what he wants." In addition, Judge Tan stated at the close of the May 21 hearing that he felt E.C. was already making his own decisions and that he cannot be "locked up" or forced to live with someone with whom he does not want to live.

There is no evidence in the record to indicate that Judge Tan abused his discretion in placing substantial reliance on E.C.'s preferences. First, E.C. is fourteen years old. Second, Louveau stated that he was "impressed" by E.C.'s ability to "regroup" and "behave more maturely than his parents." Third, the clear, articulate, and well-reasoned nature of E.C.'s testimony at the hearing supports Judge Tan's determination that E.C. was of sufficient maturity to express a choice. At the hearing, E.C. expressed his unequivocal desire to live with Kenneth and supported his preference with convincing, logical reasons. He stated that he was "doing pretty o.k." at his father's house and had a much easier time getting along with his father because there was "no screaming or hitting" involved in their relationship. E.C. also stated that he enjoyed his time at Kenneth's house, in large part because he had an opportunity to "do more family things" with Kenneth, Kenneth's wife, and their children than he did in Lorrie's household.

E.C. also expressed a mature and realistic view about his feelings for Lorrie and his younger brother, D.C. At the hearing, E.C. stated that he loved his mother and his brother and that he is very close to his brother. E.C. also expressed an understanding of what his leaving Lorrie's home and moving in with Kenneth would entail for the relationship between himself and his brother: E.C. stated that he felt guilty about leaving D.C., but that he was "ready to move" because he felt that it would be best for all concerned.

Lorrie also alleges that the trial judge failed to consider the possibility that E.C.'s preference resulted from confusion caused by the heated custody battle between his parents and the sudden attention he was receiving from Kenneth. There is no evidence in the record supporting this contention. Judge Tan's findings explicitly state that he found that E.C.'s desire to live with his father is "voluntary and not a product of undue influence." In addition, the reasoned nature of E.C.'s decision, along with his expressed feelings of love for his mother, strongly suggest that he is making a choice based on reason rather than the influence of Kenneth.

3. *The superior court did not abuse its discretion in failing to consider Kenneth's failure to obey previous child support orders in making its custody determination.*

Alaska Statute 25.20.110(b) provides that a court making a child custody modification determination must consider "the past history of the parents with respect to their compliance with the child support payment provisions of temporary or permanent support orders or agreements relating to the child or to other children." Lorrie alleges that Kenneth was delinquent in his child support payments, and argues that the trial court abused its discretion by failing to consider this factor in making its custody modification decision.

■ Lorrie has waived this argument because she did not raise it at the trial level.[18]

15. *See Veazey v. Veazey*, 560 P.2d 382, 390 n. 11 (Alaska 1977) (overruled by statute on other grounds).

16. *See id.* at 390.

17. *Id.* at 390 n. 11.

18. *See Reid v. Williams*, 964 P.2d 453, 456 (Alaska 1998) ("We will ordinarily not consider issues unless they were raised in the trial court." (citation omitted)).

She did not make this argument at the May 21 hearing and did not introduce any witnesses or evidence to attest to Kenneth's noncompliance with previous child support orders. She also did not file a response to Kenneth's motion for modification. Lorrie accordingly failed to make this argument either at the hearing or in a pre-trial pleading.

**B.** *Lorrie's Arguments with Respect to the Superior Court's Modification of Kenneth's Child Support Obligation Are Not Ripe.*

 Lorrie argues that the superior court abused its discretion in reducing Kenneth's child support obligation after the custody modification was granted because the change was based on dated income information. We decline to consider this issue because this aspect of Lorrie's appeal is premature.

After Judge Tan modified Kenneth's child support obligation, Lorrie filed a motion to reconsider. She was later asked by the court to serve this motion on Kenneth because he had not received it. Lorrie served the motion on January 8, 1999; she filed this appeal the following day. The trial court has not yet had the opportunity to rule on this motion.

Because Lorrie filed this appeal before the trial court's thirty-day period to answer her motion to reconsider had expired, she did not have a judgment from the superior court to appeal at the time she filed her appeal. This appeal is therefore premature and this court is not the proper forum for it; [19] the trial court will be able to address the child support issue when it regains jurisdiction over the case upon completion of this appeal.[20]

## V. *CONCLUSION*

Because the superior court did not abuse its discretion in transferring E.C.'s custody from Lorrie to Kenneth, we AFFIRM its decision.

---

19. *See* Alaska R.App. P. 204; *Coughlan v. Coughlan,* 423 P.2d 1010, 1014 (Alaska 1967) (stating that supreme court ordinarily will not review matter being reconsidered by lower court).

20. Given the amount of time that has passed since Kenneth last provided income information and his recent change in employment, the trial court should direct Kenneth to provide his current income information before recalculating his child support obligation.