This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**THERESE BERNIER, individually and as Trustee of the Therese Bernier Trust,**

    Plaintiff-Appellant,

v.                                                 **No. 30,401**

**HAROLD BERNIER, deceased, replaced by WILLIAM DOUGLAS BERNIER, as substitute representative,**

    Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Barbara Vigil, District Judge**

Ilyse D. Hahs, Attorney at Law, LLC
Ilyse Hahs-Brooks
Albuquerque, NM

G. Holdt Garver Chartered
G. Holdt Garver
Albuquerque, NM

L. Helen Bennett
Albuquerque, NM

for Appellant

Cuddy & McCarthy, LLP
Aaron J. Wolf

Y. Jun Roh
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Plaintiff appeals from three orders of the district court, which award Defendant costs and attorney fees as sanctions under Rule 1-011 NMRA. Initially, we issued an order of limited remand for the district court to address Defendant's motion to modify the judgment to add more attorney fees subsequently incurred, which was pending at the time Plaintiff filed a notice of appeal. On remand, the district court granted the motion for additional attorney fees and Plaintiff appealed from that order as well. We issued a notice of proposed summary disposition, proposing to vacate the award of sanctions and remand. Both Defendant and Plaintiff have filed a memorandum in opposition to our notice. We are not persuaded by either party's arguments. As a result, we vacate the sanctions award and remand for findings of fact and conclusions of law.

In response to our notice, Defendant argues that vacating the order and remanding is inappropriate because Plaintiff did not timely request or tender proposed findings of fact and conclusions of law contrary to Rule 1-052 NMRA and, therefore, Plaintiff has waived any specific findings for appellate review. [Defendant's MIO 4-

2

9] Plaintiff has preserved the claimed error for our review, however. *See Credit Institute v. Veterinary Nutrition Corp.*, 2003-NMCA-010, ¶ 15, 133 N.M. 248, 62 P.3d 339 (observing a distinction between not requesting specific findings and preserving error for appellate review); *see also Martinez v. Martinez*, 101 N.M. 88, 93, 678 P.2d 1163, 1168 (1984) (observing that a party can preserve their objection to the award of attorney fees without requesting findings and conclusions so long as the claimed error has been called to the attention of the district court). We note that Defendant also did not request specific findings from the district court. We are not persuaded that the parties' failure to request the appropriate findings that would support their arguments should preclude appellate review of claimed error in regard to imposition of sanctions that was preserved, particularly where the alleged error is the failure to enter appropriate findings.

As the calendar notice states, our case law indicates that it is error to impose Rule 1-011 sanctions without specific findings and conclusions identifying the objectionable conduct and the basis for the amount of sanctions imposed. *See, e.g.*, *State ex rel. N.M. Highway & Transp. Dep't v. Baca*, 120 N.M. 1, 8, 896 P.2d 1148, 1155 (1995) (holding that where the district court did not explain why the grounds for appeal were frivolous or pursued in bad faith, but "[i]nstead . . . found that the [d]epartment acted in bad faith, vexatiously, wantonly and for oppressive reasons in

dismissing [the defendant] and in pursuing this litigation over the past four years[,] [s]uch generalized conclusions, without more, do not justify a finding of bad faith sufficient to support an attorney[] fee award"); *Rivera v. Brazos Lodge Corp.*, 111 N.M. 670, 676, 808 P.2d 955, 961 (1991) (reversing and remanding for the district court to enter findings regarding "the subjective knowledge of the relevant facts and applicable law held by [the] appellant and his attorney at the time of filing" and to "state the basis for the amount of sanctions awarded, including whether the hours actually spent reasonably were necessary under the circumstances"). We are of the view that, under the circumstances here, this Court may order appropriate findings to be entered to permit appellate review, where an appellant has preserved that error, regardless of whether the appellant submitted findings that the district court would have rejected. For these reasons and those stated in our notice, we hold that the district court erred by not entering findings that were sufficiently particularized to support the attorney fee and cost awards.

As we have stated, Plaintiff also filed a memorandum in opposition to our notice. We note that although our analysis proposed to agree with the arguments she raised in her amended docketing statement [Amended DS 23-24], Plaintiff nevertheless argues in her response to our notice that the attorney fee and cost awards should be reversed without remand because there was no evidence in the record to

support them. [Plaintiff's MIO 3-8] We are not persuaded. We will not presume that no evidence supports the district court's award of sanctions where the record suggests there was evidence to support it and evidence that does not and where the specific grounds for sanctions therefore is not clear on appeal. Under these circumstances, the appropriate course of action is to remand. *See Rivera*, 111 N.M. at 676, 808 P.2d at 961.

As we did in our notice, we clarify that on remand the district court should enter findings regarding the following: what subjective knowledge and specific conduct it intended to sanction; whether, and if so in what manner, the initial filing of the litigation itself was frivolous or brought in bad faith; why Plaintiff's initial filing or subsequent conduct offended Rule 1-011; whether the cost award was part of the Rule 1-011 sanction; and why the amount of the sanction assessed against Plaintiff herself was appropriate to redress the objectionable behavior. *See id.*

For the reasons stated in our notice and in this opinion, we summarily vacate the award of sanctions and remand for the appropriate findings of fact and conclusions of law.

**IT IS SO ORDERED.**

_____

**JONATHAN B. SUTIN, Judge**

5

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**MICHAEL E. VIGIL, Judge**