Kyong Taek SONG, Appellant,

v.

Hyun Joo SONG, Appellee.

No. S–8074.

Supreme Court of Alaska.

Jan. 8, 1999.

Kenneth Kirk, Anchorage, for Appellant.

Michael D. White, Hartig, Rhodes, Norman, Mahoney & Edwards, P.C., Anchorage, for Appellee.

Before MATTHEWS, Chief Justice, and COMPTON, EASTAUGH, FABE and BRYNER, Justices.

## OPINION

. BRYNER, Justice. ,

Shortly after Kyong Taek Song (Mr. Song) and Hyun Joo Song (Ms. Song) obtained a decree of dissolution, Mr. Song moved to enforce the stipulated property settlement incorporated in the decree. Ms. Song, alleging fraud, responded by moving for relief under Alaska Civil Rule 60(b). After a brief hearing, the court granted Ms. Song's motion for Rule 60(b) relief and issued an amended divorce decree modifying the original property agreement. Mr. Song appeals, arguing that the court erred in setting aside the dissolution decree, in entering a modified decree, and in awarding Ms. Song prevailing-party attorney's fees. We hold that the court did not abuse its discretion in vacating the dissolution decree on the ground of fraud but that it did err in re-dividing the marital property without giving Mr. Song advance notice or an opportunity for a hearing on the property division issues. This conclusion, in turn, requires us to partially vacate the attorney's fee award.

## I. FACTS·AND PROCEEDINGS

Kyong Taek Song and Hyun Joo Song married in Korea in 1987. At that time, Mr. Song already resided in Alaska; Ms. Song moved to Alaska in 1989. Although both of the Songs speak and write some English, neither is fluent; both need to have legal information translated into Korean.

In 1995, the Songs consulted Alan Lee, a friend ·of·theirs who works as a translator, about obtaining a dissolution of their marriage. In August 1995, Lee drafted a dissolution petition for the Songs. Eventually, in October 1995, the Songs had an amended petition drafted, apparently by an attorney retained by Mr. Song. Lee accompanied Mr. Song to a consultation with the attorney and notarized the Songs' signatures on the petition.

The petition listed and distributed three assets: ·the South Seas Hotel, valued at $900,000, owned jointly, and awarded to Ms. Song; a fourplex apartment building, valued at $130,000, owned jointly,· and awarded to Mr. Song; and a 1993 van, valued at $23,000, and owned by and awarded to Mr. Song. It also listed three joint debts and made Ms. Song responsible for all three: business debts for the South Seas Hotel of $30,000; personal loans for the South Seas Hotel of $100,000; and credit card debt of $3000.

Attached to the petition was a document, signed by both parties, entitled "Other Agreements," which made Ms. Song responsible for all marital debt, required her to pay Mr. Song $200,000 in three payments over a two-year period to buy out his interest in the South Seas Hotel, and purported to give Mr. Song the right to immediate possession of the hotel if Ms. Song failed to comply with this payment provision.

Master Andrew Brown held a hearing on the Songs' petition on October 31, 1995. Lee translated at the hearing. The Songs indicated that they understood the petition's provisions. Ms. Song said that, pursuant to the agreement, she would pay Mr. Song the first $50,000 of the South Seas Hotel payment that evening. Master Brown recommended that the petition be approved. On November 3, Superior Court Judge Peter A. Michalski

signed a dissolution decree that incorporated the terms of the property agreement, as set out in the petition.

On January 3, 1996, Mr. Song moved to enforce the dissolution decree's property order, claiming that Ms. Song had failed to make the first $50,000 South Seas Hotel payment as their agreement provided. He also alleged that Ms. Song was having problems with alcohol abuse that were causing her to neglect the hotel. He requested that the court allow him to repossess the hotel immediately. On January 18, Mr. Song withdrew his motion, indicating that he and Ms. Song had "reached a settlement which renders this motion practice moot."

On May 21, Mr. Song filed a renewed motion to enforce the property agreement, alleging that Ms. Song still had not paid him for his interest in the South Seas Hotel and that she had told him that if he continued to request payment, she would file for bankruptcy and flee Anchorage.

In response to this renewed motion, Ms. Song retained an attorney, who, on June 3, requested an extension of time to respond, which the court granted. On July 24, Ms. Song filed an opposition to Mr. Song's motion to enforce the dissolution agreement, and, at the same time, moved to modify the dissolution decree under Alaska Civil Rule 60(b)(1), (3), and (6), alleging mistake, fraud, and other extraordinary circumstances. In her Rule 60(b) motion, Ms. Song asked the court to redivide the marital property. She proposed specific terms of a redivision order that she deemed equitable.

Mr. Song opposed Ms. Song's Rule 60(b) motion and requested a hearing on the opposing motions. Judge Michalski held a one-hour evidentiary hearing on December 4, 1996. On December 12, the court issued an order finding that the petition for dissolution had fraudulently misrepresented the parties' debts. Accordingly, the court denied Mr. Song's motion to enforce the dissolution decree and granted Ms. Song's motion for relief under Civil Rule 60(b).

In its order granting Ms. Song's motion, the court directed her attorney to prepare findings of fact, conclusions of law, and a modified decree that would fairly divide the marital assets and debts. The court noted that "the relief and modification is appropriate in light of the explicit fraud perpetrated on the court by the dissolution papers as they related to then existent marital debt and which made it impossible for the master to effectively evaluate the equity of the decree entered in November 1995."

Mr. Song moved to reconsider and clarify the Rule 60(b) order. He also moved to set it aside, alleging that Ms. Song had perjured herself at the December 4 hearing. The court denied these motions and, in March 1996, issued an amended decree of divorce, re-dividing the marital property. The amended decree incorporated all of the findings of fact and conclusions of law that Ms. Song had submitted, pertaining to redivision of the parties' property. The court also awarded Ms. Song $24,680.80 in attorney's fees. Mr. Song appeals.

## II. *DISCUSSION*

On appeal, Mr. Song argues that the superior court erred in granting Ms. Song's motion for Civil Rule 60(b) relief; that, even if Ms. Song had established grounds for relief under Rule 60(b), the court erred in re-dividing the marital property without holding a trial on disputed property issues; and that the court erred in awarding attorney's fees to Ms. Song. We consider each issue in turn.

### A. *The Court Did Not Err in Granting Ms. Song's Civil Rule 60(b) Motion for Relief from Judgment.*

Mr. Song initially maintains that the court erred in finding that Ms. Song's Rule 60(b) motion was timely. We normally review an order granting a Rule 60(b) motion only for abuse of discretion.[1]

The trial court found that Ms. Song was entitled to relief under Civil Rule 60(b) on the ground of fraud. Civil Rule 60(b)(3) allows courts to grant a party relief from a final judgment upon a showing of "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other mis-

1. *See Lowe v. Lowe,* 817 P.2d 453, 456 (Alaska 1991).

conduct of an adverse party,"[2] but only if the motion for relief is "made within a reasonable time, and ... not more than one year after the date of notice of the judgment."[3]

Ms. Song filed her motion less than nine months after the court entered the decree of dissolution—well within Rule 60(b)(3)'s one-year deadline. Mr. Song nonetheless asserts that she could have filed it earlier and contends that it was not filed "within a reasonable time."[4] Mr. Song cites *Sandoval v. Sandoval*[5] to support his claim of untimeliness. There, we found untimely a motion filed by a party who was aware of the disputed provisions in a decree prior to final judgment yet remained silent.[6]

But *Sandoval* is inapposite, since the record supports the conclusion that Ms. Song did not learn the details of the disputed agreement until well after the court entered the Songs' dissolution decree. In an affidavit filed with her Rule 60(b) motion, and in testimony at the December 4 hearing, Ms. Song explained that when she signed the dissolution petition she did not fully understand its contents. Ms. Song also testified that she had learned the details of her obligations under the dissolution agreement "sometime in January when I received paperwork indicating that I need[ed] to pay [Mr. Song] some $20,000." While Ms. Song conceded that she had retained an attorney in December 1995 or January 1996, she explained that she had done so mainly to obtain a restraining order preventing Mr. Song from harassing her. Mr. Song voluntarily withdrew his January 1996 motion to enforce the dissolution decree. By the time he filed a renewed motion to enforce in May 1996, Ms. Song apparently was no longer represented, but she promptly hired an attorney. Her attorney secured a forty-five-day exten-

sion to familiarize himself with the case, and then filed her Rule 60(b) motion.

Although Mr. Song presented evidence that tended to undercut Ms. Song's version of events, the superior court was in the best position to judge credibility and was entitled to credit Ms. Song's testimony and other evidence supporting her position. Given Ms. Song's version of events, the trial court did not abuse its discretion in finding her motion to be timely.[7]

■ Mr. Song separately questions the factual basis of Ms. Song's Rule 60(b) motion. But Ms. Song's claim that Mr. Song failed to fully disclose, either to her or to the court, the value of their marital assets and debts "fits neatly into Rule 60(b)(3)."[8] Given that the court could properly resolve issues of credibility in Ms. Song's favor, it did not abuse its discretion in finding that Ms. Song was entitled to relief under Civil Rule 60(b)(3).

B. *The Court Erred in Re-dividing the Marital Property Without Notifying the Parties of Its Intent to Treat the Dissolution as a Divorce and Allowing Them to Litigate Disputed Property Issues.*

■ We must next consider whether the superior court erred in summarily re-dividing the Songs' marital property upon granting Ms. Song's motion to set aside the dissolution decree. This claim presents a question of law, which we evaluate using our independent judgment.[9]

■ Mr. Song claims that, even if the court correctly decided to set aside the original dissolution decree, it deprived him of due process by refusing to hold a trial or a hearing on disputed issues concerning the

2. Alaska R. Civ. P. 60(b)(3).

3. Alaska R. Civ. P. 60(b).

4. *Id.*

5. 915 P.2d 1222 (Alaska 1996).

6. *Id.* at 1224.

7. *Cf. Schofield v. Schofield*, 777 P.2d 197, 202 (Alaska 1989) (holding that superior court did not abuse its discretion in finding that Rule

60(b)(6) motion was made within a reasonable time); *Alaska Placer Co. v. Lee*, 502 P.2d 128, 131 (Alaska 1972) (same, regarding a Rule 60(b)(1) motion).

8. *O'Link v. O'Link*, 632 P.2d 225, 230 (Alaska 1981).

9. *See Carvalho v. Carvalho*, 838 P.2d 259, 261 n. 4 (Alaska 1992).

identification, valuation, and equitable distribution of the parties' marital property. Ms. Song responds that Mr. Song has waived this argument. She claims that he requested nothing more than the court provided—a hearing on her Rule 60(b) motion and on his own motion to enforce the original decree.

Ms. Song points out that, in her Rule 60(b) motion, she submitted evidence of the value of the Songs' assets and requested the court to re-divide the marital assets. In Ms. Song's view, Mr. Song was aware of this request and, at the evidentiary hearing, should have presented opposing evidence concerning the valuation and division of marital assets. She asserts that he chose not to present evidence of asset value, either in opposition to her motion or at the hearing. Ms. Song argues that this failure precludes Mr. Song from raising the issue of value.

But the superior court seemingly set the December 4 hearing on the calendar to hear only the two procedural motions then pending: Mr. Song's motion to enforce the original decree and Ms. Song's motion to set the decree aside. The court did not give advance notice that the merits of the underlying property distribution dispute would be at issue.[10] Nor would it have been reasonable for Mr. Song to anticipate that the court would reach the underlying property issues at the hearing. These issues, after all, involved the equitable division of a complicated marital estate whose assets and liabilities each potentially exceeded a million dollars. The shortness of the scheduled hearing—just one hour—obviously signaled that the court did not expect to hold a formal adversary hearing on issues of this magnitude.

Furthermore, in both his opening statement and closing argument at the December 4 hearing, Mr. Song noted that if the court granted Ms. Song's request to set aside the original decree, it should then hold a trial to determine issues of property division. Again in his motion for reconsideration and clarification of the court's subsequent order granting Rule 60(b) relief—which directed Ms. Song to submit a proposed order redistributing the marital property—Mr. Song protested that the procedure contemplated by the court "would presumably leave Mr. Song with only the right to object to the proposed order within five days of service pursuant to Civil Rule 78"; he argued that "[t]his is not adequate"; once more he requested a trial on the property division. And in his objection to Ms. Song's proposed findings of fact and conclusions of law, he renewed this request, arguing that "if the court sets aside the property division, he is entitled to a trial on a new property division."

 In short, the record belies Ms. Song's claim that Mr. Song waived his right to a more extensive hearing on issues of property division. Moreover, in the procedural context of this case—a dissolution proceeding—the superior court had no authority to resolve disputed property issues without the express consent of both parties. In dissolution proceedings, the court is empowered to amend the parties' written agreements relating to property division "only if both petitioners concur in the amendment in writing or on the record."[11] The court in a dissolution proceeding may interpret a property agreement's provisions to clarify confusing language and resolve ambiguity.[12] But it cannot, without both parties' consent, modify the agreement's essential terms to achieve results that the parties never agreed upon or contemplated—even if the court deems the modifications to be necessary in the interest of fairness.

---

**10.** *Cf. Cushing v. Painter*, 666. P.2d 1044, 1045–46 (Alaska 1983) (finding that the court violated basic fairness by issuing final custody order without notice after expedited, interim hearing).

**11.** AS 25.24.220(g).

**12.** *See Aarvig v. Aarvig*, 248 N.J.Super. 181, 590 A.2d 704, 706–07 (N.J.Super.App.Div.1991) (holding that trial court is without authority to modify a settlement agreement but may enforce and interpret it); *Bond v. Bond*, 69 Ohio App.3d 225, 590 N.E.2d 348, 349–50 (1990) (same). *Cf. Gaston v. Gaston*, 954 P.2d 572, 574 (Alaska 1998) (applying contractual analysis in interpreting custody agreement); *Davis v. Dykman*, 938 P.2d 1002, 1007 (Alaska 1997) (explaining that while a court may "gapfill" terms consistent with fairness and the parties' intentions, it may not add terms to which the parties did not or would not have agreed).

Perhaps in recognition of this restriction, the court in the present case issued its amended property division order as an amended decree of divorce, rather than an amended decree of dissolution. But divorce decrees and dissolution decrees are not interchangeable at the court's discretion. Under AS 25.24.200(d),

> [t]he action [of dissolution] created under this section is separate from the action [of divorce] created by AS 25.24.010. The procedures prescribed by AS 25.24.200—25.24.260 [for dissolution] do not apply to an action [for divorce] brought under AS 25.24.010, nor do procedures prescribed under AS 25.24.010—25.24.180 [for divorce] apply to an action filed under this section, except as specifically provided.

█ In our view, the distinct nature of the two forms of action required the court to give the Songs advance notice of its intent to convert their previously stipulated marital dissolution proceeding into a divorce proceeding. And upon converting the action, the court was further required to afford both parties an opportunity to litigate fully all disputed issues of property division, since they could not have litigated those issues in the dissolution proceedings.

Because the trial court failed to notify Mr. Song that, upon setting aside the decree of dissolution, it intended to treat the case as a divorce, and because the court likewise failed to provide him an opportunity for a full evidentiary hearing on disputed property issues that arose as a result of the parties' post-dissolution dispute, we conclude that Mr. Song was denied the basic procedural fairness that he was due. Accordingly, although we affirm the court's order setting aside the original decree of dissolution under Civil Rule 60(b), we must vacate its amended decree of divorce dividing the parties' marital property, and we must remand this case for resolution of the property dispute.

**13.** *See Vokacek v. Vokacek,* 933 P.2d 544, 549 n. 10 (Alaska 1997).

**14.** *See Hartland v. Hartland,* 777 P.2d 636, 644 (Alaska 1989).

C. *The Award of Attorney's Fees Is Vacated in Part and Affirmed in Part.*

█ The issue of attorney's fees remains to be considered. This court reviews an award of attorney's fees for abuse of discretion.[13]

1. *The prevailing-party fee award must be vacated in light of the remand on the property issues.*

The trial court awarded Ms. Song attorney's fees of $20,232.30 for prevailing on her Rule 60(b) motion. In calculating this award, the court apparently deemed Alaska Civil Rule 82 to be applicable. It found that Ms. Song had gained an economic benefit of $262,205 as a result of the amended decree redistributing the marital property, and used this figure as a basis for applying Rule 82(b)(1)'s schedule fixing fees for parties recovering money judgments.

Mr. Song challenges this award, contending that Rule 82's prevailing-party standards are inapplicable in property division cases and that Ms. Song's attorney's fees should have been based on the parties' relative economic situations and earning powers.[14] However, our decision vacating the amended divorce decree and remanding for trial on the property division issues renders Mr. Song's argument largely academic. Even assuming that the court was originally justified in applying Rule 82 and treating the economic benefit of the property division as equivalent to a money judgment under Rule 82(b)(1), Ms. Song is no longer a prevailing party with respect to the division of the parties' marital property. Accordingly, the attorney's fee award, as originally configured, must be vacated.

On remand, the court will retain discretion to award Ms. Song reasonable partial fees under Rule 82(b)(2) for prevailing in her efforts to vacate the original decree of dissolution.[15] But fees reflecting work by Ms. Song's attorney on the merits of her property division arguments should not be included

**15.** *See Lowe v. Lowe,* 817 P.2d 453, 460 (Alaska 1991).

in this award; they should be deferred for consideration as part of any fee requests relating to the remaining proceedings on remand. Because this action will effectively be treated as a divorce on remand, the award of attorney's fees for the future proceedings must be governed by the normal divorce rule, rather than by Rule 82's prevailing-party standards.[16]

2. *The award of full attorney's fees for defending against Mr. Song's motion to set aside the Rule 60(b) order is affirmed in light of Mr. Song's failure to address this issue.*

The court separately awarded Ms. Song $4448.50 in fees for defending against Mr. Song's motion to set aside its December 12, 1996 decision to grant Ms. Song's Civil Rule 60(b) motion. Mr. Song's motion was based on a claim of perjury by Ms. Song. Ms. Song and her sister filed affidavits controverting the claim of perjury. Ms. Song moved for an award of full attorney's fees contending that the motion was simply an attempt to prolong the litigation. The court denied Mr. Song's motion and awarded Ms. Song full attorney's fees—$4448.50—for defending against it.

On appeal, Mr. Song does not differentiate between this smaller award of full fees and the larger award of partial fees for Ms. Song's having prevailed on her Rule 60(b) motion. He mistakenly assumes that all of the fees were part of the same award and were awarded on the same basis. We have recognized that when the trial court finds that a losing party asserted a claim or defense in bad faith or vexatiously, it may award full attorney's fees; we will set such an award aside only if it is "manifestly unreasonable and amounts to a clear abuse of discretion."[17] Given Mr. Song's failure to argue this issue, we find no reason to disturb the award of full fees to Ms. Song for defending against Mr. Song's motion to set aside the order.

## III. *CONCLUSION*

We AFFIRM the superior court's order setting aside the original decree of dissolution. We VACATE the amended decree of divorce and the property division order incorporated therein. We AFFIRM the award of full attorney's fees to Ms. Song for defending against Mr. Song's motion to set aside the Rule 60(b) order. We VACATE the award of partial attorney's fees to Ms. Song under Rule 82(b)(1) for prevailing on her request to modify the property division. We REMAND this case for further proceedings as directed in this opinion.

**16.** *See Hartland,* 777 P.2d at 644.

**17.** *Keen v. Ruddy,* 784 P.2d 653, 657 (Alaska 1989) (quoting *Alaska N. Dev., Inc. v. Alyeska Pipeline Serv. Co.,* 666 P.2d 33, 42 (Alaska 1983)).