*Notice: This opinion is subject to correction before publication in the Pacific Reporter. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.gov.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| BBFM ENGINEERS, INC. and ARCHITECTS ALASKA, INC., | ) ) ) | Supreme Court No. S-17995/17996 |
| Petitioners, | ) ) | Superior Court No. 3AN-16-07620 CI |
| v. | ) ) | O P I N I O N |
| ERIC MCDONALD, | ) ) | No. 7652 – May 12, 2023 |
| Respondent. | ) ) | |

Petition for Review from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Thomas A. Matthews, Judge.

Appearances: Michael W. Seville and Aaron Sperbeck, Birch Horton Bittner & Cherot, Anchorage, for Petitioner BBFM Engineers, Inc. Rebecca J. Hozubin and Douglas H. Kossler, Hozubin, Moberly & Associates, Anchorage, for Petitioner Architects Alaska, Inc. Eric McDonald, pro se, Kenai, Respondent.

Before: Winfree, Chief Justice, Maassen, Carney, Borghesan, and Henderson, Justices.

MAASSEN, Justice,

## I. INTRODUCTION

A subcontractor's employee was injured on a construction site and sued engineering and architecture firms for negligent design. In the months before trial the parties' attorneys discussed the possibility of settlement, and the defendants eventually

moved to enforce a "walk-away" settlement they claimed had been reached through email correspondence. The employee, by then unrepresented, did not file a substantive response to the defendants' motion, though noting his opposition to their proposed order. The superior court granted the defendants' motion and dismissed the case.

Just under a year later the employee moved for relief from judgment under Alaska Rule of Civil Procedure 60(b), contending that he had never given his attorney authority to settle the case. A different superior court judge granted the motion, finding that factual issues precluded summary judgment on whether a settlement agreement existed, that the earlier dismissal was erroneous as a matter of law, and that extraordinary circumstances otherwise entitled the employee to Rule 60(b) relief.

The defendants petitioned for review, which we granted. We now reverse on the ground that the employee's Rule 60(b) motion was not filed within a reasonable time.

## II. BACKGROUND

### A. Lawsuit

Eric McDonald was injured during the 2014 renovation of a high school. He was an employee of a subcontractor, Rock & Dirt Environmental, Inc.

In November 2015 McDonald sued two other entities involved in the renovation project: Architects Alaska, Inc. and BBFM Engineers, Inc. McDonald claimed that these two companies were negligent in their "fail[ure] to exercise reasonable care in the design, supervision, implementation, and specifications of the demolition of the renovation project." Architects Alaska and BBFM raised as an affirmative defense a statute that protects design professionals from damage claims by persons who are "entitled to compensation under [the Workers' Compensation Act] as a result of injury occurring at the job site of a construction project."[1] Trial was eventually set for August 2019; the dispositive motion deadline was in June 2019.

---

[1] AS 23.30.017(a).

### B. Early Settlement Discussions

In April 2019 BBFM's attorney emailed McDonald's attorney, Katie Elsner, to inform her that BBFM intended to move for summary judgment but would likely agree to a "walk-away deal if it could avoid any further fees now." Elsner asked BBFM to hold off on filing its motion until she had a chance to talk with her client. In May she emailed back to both defense counsel:

> I have been authorized to engage in discussions about resolving this case by dismissal with each side bearing their own costs and fees — i.e. walk away . . . . [Would your clients] be willing to resolve [the case] in such a manner? Please let me know.

Both defense counsel responded the same day agreeing to a walk-away settlement; counsel for Architects Alaska included with her response a draft stipulation for dismissal with prejudice. Two days later defense counsel again emailed Elsner to follow up and ask whether she had any proposed changes to the stipulation. Elsner responded, "I did review it, I am just waiting for final approval from my client."

Two and a half weeks later Elsner advised defense counsel by email that she should have her client's final answer in a few days. After another week passed, counsel for Architects Alaska emailed Elsner asking whether McDonald was refusing to settle: "Should I expect to receive a signed stipulation to dismiss or do I need to notify my clients that Mr. McDonald has refused to settle . . . ?" The record contains no response to this email, but five days later Elsner moved to withdraw with her client's consent, and the court granted the motion in early July.

### C. Motion To Enforce Settlement Agreement

BBFM then moved "for an order to enforce the settlement agreement in this case." BBFM argued that there had been "an offer, acceptance, and consideration" and the parties therefore "have an enforceable agreement to settle this case" on a walk-away basis. Architects Alaska joined in BBFM's motion.

McDonald, by then self-represented, did not respond to the motion to enforce the settlement. On July 30 Superior Court Judge Eric Aarseth issued an order explaining that he intended to grant the motion "unless [McDonald] file[d] an opposition no later than August 9, 2019." On August 7, with the trial date a few weeks away, Judge Aarseth held a trial call; McDonald did not attend. Judge Aarseth signed an order vacating the trial date — reasoning that "[he couldn't] imagine anybody being ready for trial" under the circumstances — and reiterated his intent to sign the order enforcing the settlement unless he heard from McDonald by August 9.

On August 12 McDonald filed a motion for continuance and opposition to the proposed order. Most of his six-page pleading focused on his medical issues and interactions with his own lawyers; he explained that he was "requesting a continuance in order to gain his bearings concerning this case and to pursue alternative counsel." He mentioned the defendants' pending motion only in his concluding line: "The plaintiff . . . ask[s] the court to note his opposition to the defendant's motion to force settlement." Because this motion and opposition was unsigned, it was returned to him with a deficiency notice.

Judge Aarseth granted the defendants' motion to enforce settlement on August 13. A few days later McDonald re-filed his motion and opposition. On September 12 Judge Aarseth denied the motion for continuance on grounds that it "clearly demonstrates that [McDonald] has been capable to work on this case and hire an attorney if so motivated. No good cause has been shown to excuse his delay in responding." McDonald was sent a copy of the order; he did not file an appeal at that time.

### D. The Intervening Year; Civil Rule 60(b) Proceedings

On December 19 McDonald spoke with his former lawyer Peter Ehrhardt, one of Elsner's law partners, to discuss the status of his worker's compensation and tort

cases.[2] Ehrhardt told him that "first of all, [he had] to probably file a motion for reconsideration or some kind of motion like that with [Judge] Aarseth to try to set aside his ruling . . . . That's the first . . . thing that needs to happen." McDonald agreed: "Okay . . . . [Y]eah, that's a good idea. That's what I need to do." Ehrhardt explained, "[Y]ou're going to need somebody to represent you, not only to set aside the decision by [Judge] Aarseth, and you may have to appeal that." He asked McDonald when Judge Aarseth had issued his order, observing that "those dates are critical" because any motion for reconsideration had a very short timeline and "if [Judge] Aarseth made this ruling in August, it's probably too late to do anything." He emphasized that the dates were "absolutely critical" and said, "[A]s you know, timing on cases is everything, right?"

Three months went by, and on March 6, 2020, McDonald called Michael Seville, the attorney for BBFM. He asked Seville to explain the basis of the court's order enforcing the settlement and questioned how the court could have "the impression that [he] would have ever agreed to it at all." Seville said he would provide McDonald with a copy of the successful motion and its attachments but that "as far as [his] client's concerned, the case is over." McDonald responded that the judge "made a decision that violated Alaska law. And so [he'd] be petitioning to overturn it." Seville told McDonald he would "have to . . . take it back to the judge and ask him to undo the judgment," and McDonald replied, "And I'll do that and I just kind of wanted to give you a heads up of what . . . was happening."

But it was another five months before McDonald filed something in court. On August 11, 2020 — two days shy of a year after Judge Aarseth's order granting the motion to enforce settlement — McDonald filed a 236-page motion to vacate the order.

---

[2] McDonald recorded the relevant conversations with lawyers and submitted the transcripts as exhibits; it is not evident whether the other parties to the conversations were aware they were being recorded.

Citing Alaska Civil Rule 60(b), he argued that he had never authorized his attorney to settle; that the parties never reached a binding agreement; and that the court had erroneously rejected his opposition to the motion. BBFM and Architects Alaska both opposed the Rule 60(b) motion, arguing both that it was untimely and that it was substantively without merit.

The Rule 60(b) motion was assigned to Superior Court Judge Thomas Matthews, who held oral argument in December 2020. McDonald told the court that when his case was dismissed he believed the settlement "had been forced" and he was unsure how to proceed. He explained that his employer's attorney had "accused [him] of accepting a settlement" and that this was potentially fatal to his worker's compensation case.[3] He said that it was at this point he "started to look into these issues," after which "it took [him] a while to actually fashion . . . [his] argument."

Judge Matthews granted the Rule 60(b) motion, vacating Judge Aarseth's order enforcing the settlement. Judge Matthews reasoned that the motion to enforce the settlement should have been treated as a motion for summary judgment, to be granted only if there were no material facts in dispute. He concluded that the evidence showed at most "a preliminary intent to negotiate," meaning that summary judgment in the defendants' favor was not warranted.

Judge Matthews also found that McDonald's opposition to the defendants' motion to enforce settlement had been timely filed, though acknowledging that it "did not respond to BBFM's or [Architects Alaska's] arguments [about the settlement]."[4]

---

[3] McDonald's former employer petitioned for a dismissal of McDonald's workers' compensation claims on the ground that he had "obtained a settlement in his third-party matter [against Architects Alaska and BBFM]" without the employer's written approval as required by AS 23.30.015(h).

[4] The opposition was due on a Friday — when the court closed at noon — and was filed the following Monday. Alaska Supreme Court Order No. 1875 made

He concluded that McDonald was "entitled to relief from a final order under Rule 60(b)(1) due to mistake." He continued, "Moreover, Rule 60(b)(6) allows the court to provide relief under the Rule for 'any other reason justifying relief from the operation of the judgment.' " "To the extent that Mr. McDonald has not fully argued that the Court made a mistake by not applying the summary judgment standard, this Court concludes that relief under Rule 60(b)(6) is also appropriate."

Architects Alaska and BBFM petitioned for review. We granted the petitions and ordered full briefing.

## III. STANDARD OF REVIEW

"We will not disturb a trial court's ruling on a Rule 60(b) motion unless an abuse of discretion is demonstrated."[5] "We will find an abuse of discretion when the decision on review is manifestly unreasonable."[6]

## IV. DISCUSSION

### A. Granting Relief Under Civil Rule 60(b)(1) Was An Abuse Of Discretion.

Civil Rule 60(b) permits a court "[o]n motion and upon such terms as are just" to "relieve a party . . . from a final judgment, order, or proceeding."[7] The purpose of the rule "is to provide relief from judgments which, for one reason or another, are unjust."[8] Subsection (1) of the rule allows relief on the basis of "mistake, inadvertence, surprise or excusable neglect." "These grounds for relief are quite broad [—] they

---

such filings timely by extending the time for filing to the next business day when the court is closed for all or part of the day on the original filing deadline.

[5] *Fernandez v. Fernandez*, 358 P.3d 562, 565 (Alaska 2015) (quoting *Morris v. Morris*, 908 P.2d 425, 427 (Alaska 1995)).

[6] *Id.* (quoting *Ranes & Shine, LLC v. MacDonald Miller Alaska, Inc.*, 355 P.3d 503, 508 (Alaska 2015)).

[7] Alaska R. Civ. P. 60(b).

[8] *Fernandez*, 358 P.3d at 566 (quoting *Wellmix, Inc. v. City of Anchorage*, 471 P.2d 408, 411 n.13 (Alaska 1970)).

would encompass a case where an error of law had been made by counsel or by the court . . . ."**9**  We will assume for the purposes of this appeal that there were errors in the superior court's August 2019 grant of the defendants' motion to enforce settlement.

We conclude, however, that it was error to treat McDonald's Rule 60(b) motion, filed nearly a year later, as timely.**10**  The rule provides that motions for relief from judgment "shall be made within a reasonable time," and motions for relief under subsection (1) must be made "not more than one year after the date of notice of the judgment or orders" being challenged.  But a Rule 60(b) motion "is not considered timely just because it is filed within the one-year time limit"; it must also "be filed within a reasonable time."**11**

In *Alaska Truck Transport, Inc. v. Berman Packing Co.* we considered what a reasonable time would be in the context of Rule 60(b)(1), weighing the "competing interests of finality and correcting injustice."**12**  To achieve the appropriate balance, we decided that Rule 60(b) motions based on errors of law should typically be

---

**9**      *Alaska Truck Transp., Inc. v. Berman Packing Co.*, 469 P.2d 697, 698-99 (Alaska 1970).

**10**      Architects Alaska and BBFM observe that Judge Matthews's order "does not discuss defendants' timeliness arguments or make any explicit finding that the motion to vacate was timely filed" aside from "not[ing] the defendant's arguments that it was untimely and that it was filed one day before the one-year deadline."  But in granting the motion the court implicitly found it to be timely.

**11**      *In re USN Commc'ns, Inc.*, 288 B.R. 391, 396 (Bankr. D. Del. 2003); *see also Felts v. Accredited Collection Agency, Inc.*, 267 F.R.D. 377, 380 (D.N.M. 2010) ("The one-year time frame is an outer limit that is secondary to the requirement that the motion be made within a reasonable time."); *In re New England Mut. Life Ins. Co. Sales Practices Litig.*, 204 F.R.D. 6, 11 (D. Mass. 2001) ("It is well-established that the one-year limitation period is an outer limit, and that even a motion brought within a year should be rejected if not made within a reasonable time.").

**12**      469 P.2d at 699-700.

filed within 30 days of judgment.[13] The 30-day benchmark ensures that "Rule 60(b) is neither a substitute for an appeal nor a device for obtaining an extension of time for filing an appeal."[14]

We also recognize, however, that in "compelling circumstances" the 30-day requirement may be relaxed "where the demands of justice require it."[15] It is appropriate to consider, as Judge Matthews did, the fact that McDonald was not represented by counsel when Judge Aarseth signed the order enforcing the settlement. Although self-represented litigants are no less expected to comply with procedural deadlines,[16] their self-represented status may permit a court to relax the 30-day requirement if that status creates "compelling circumstances."[17]

McDonald asserted that he did not take immediate action after Judge Aarseth's order because he was not sure how to proceed and thought there was "nothing

---

[13] *Id.* McDonald argues that Judge Aarseth issued no final judgment consistent with Alaska Civil Rule 58(2)'s requirement that "[e]very judgment must be set forth on a separate document distinct from any findings of fact, conclusions of law, opinion, or memorandum," and thus "an appeal would be early or still allowed." Alaska R. Civ. P. 58. "To determine whether a decision is a final judgment that triggers the time limit for an appeal, 'the reviewing court should look to the substance and effect, rather than form, of the rendering court's judgment.' " *Richard v. Boggs*, 162 P.3d 629, 633 (Alaska 2007) (quoting *Denali Fed. Credit Union v. Lange*, 924 P.2d 429, 431 (Alaska 1996)). "A 'final' judgment is one that disposes of the entire case and ends the litigation on the merits." *Id.* (quoting *Mattfield v. Mattfield*, 133 P.3d 667, 673 (Alaska 2006)). In granting the motion to enforce the settlement, Judge Aarseth wrote, "IT IS HEREBY ORDERED that this action shall be dismissed with prejudice, each party to bear its own costs and attorney['s] fees." The court's intent was clear; the order was a final judgment for purposes of triggering the time for appeal.

[14] *Rowland v. Monsen*, 135 P.3d 1036, 1040 (Alaska 2006).

[15] *Alaska Truck Transp., Inc.*, 469 P.2d at 700.

[16] *See Sandoval v. Sandoval*, 915 P.2d 1222, 1223-24 (Alaska 1996) (affirming trial court decision denying a self-represented litigant's Rule 60(b)(1) motion for excusable neglect when motion was filed almost a year after final judgment).

[17] *See Alaska Truck Transp., Inc.*, 469 P.2d at 700.

that [he] could do past that point." He said he began to "look into these issues" in March 2020 after discovering how a settlement of his civil case complicated his worker's compensation case. He explained that after he "reviewed everything, and then . . . discovered . . . the accusation that . . . [Ms. Elsner] had accepted a settlement," he "spent a lot of time researching . . . the case law and the various things" and "it took [him] a while to actually fashion . . . [his] argument." He explained that he "wanted to make sure [he] didn't leave anything out[] [a]nd so it took [him] several months to actually finish . . . the [Rule 60(b)] motion."

Architects Alaska and BBFM counter that McDonald knew the basis of their motion to enforce settlement when it was filed in July 2019. It is undisputed that he received mailed and emailed copies of the motion and its attachments, though he claims he did not understand what the motion meant. Whether or not he understood its import, the record shows that he was urged to act in December 2019, when he spoke with his former attorney Ehrhardt and acknowledged the immediate need to try to set aside the ruling. His conversation with Seville three months later, in March 2020, reinforces a conclusion that he not only knew he should act to challenge the ruling but intended to do so. Yet another five months went by without action on his part.

We are sympathetic to McDonald's contention that as a self-represented litigant it took him "a while to actually fashion . . . [his] argument." But he has not presented "compelling circumstances" that explain why it took him so much longer than the 30 days allowed most litigants for attacking a legal ruling. If pro se status alone were a "good reason" for failing to act within a reasonable time, Rule 60(b)'s "reasonable time" limitation would never apply to self-represented litigants.[18] While

---

[18] *See Sandoval*, 915 P.2d at 1224 (finding that litigant's self-represented status did not excuse nearly one-year delay, noting that "[w]hen he was unable to retain an attorney, he took no action at all on his case: neither filing a motion [self-represented], nor seeking pro bono legal assistance, nor even communicating with the court in any way" (emphasis omitted)).

the "demands of justice" standard for relaxing the 30-day requirement is elastic, it cannot allow McDonald nearly a year to challenge a legal ruling he knew from the start had adverse consequences and needed his urgent attention. We conclude, therefore, that it was an abuse of discretion to grant McDonald relief from judgment under Rule 60(b)(1).

**B.  Granting Relief Under Civil Rule 60(b)(6) Was Also An Abuse Of Discretion.**

The superior court found that McDonald was entitled to relief not only under Rule 60(b)(1) but also, in the alternative, under Rule 60(b)(6), although McDonald did not specifically request relief under this subsection. Subsection (6) supplements Rule 60(b)'s five specific grounds for relief by permitting a court to grant relief for "any other reason justifying relief from the operation of the judgment."[19] The application of Rule 60(b)(6) is reserved for "extraordinary circumstances."[20] "Relief under this clause is not limited by any strictly defined time period, but may be granted if the motion is made within a 'reasonable' time."[21]

As explained above, the record does not justify a conclusion that this case involved "extraordinary circumstances" that could make McDonald's nearly one-year delay "a 'reasonable' time." Furthermore, we have consistently held that "[a] party may only obtain Rule 60(b)(6) relief if no other Rule 60(b) clause applies."[22] Because McDonald could have brought a timely motion for relief under Rule 60(b)(1) based on

---

[19]  *Chena Obstetrics & Gynecology, P.C. v. Bridges*, 502 P.3d 951, 960 (Alaska 2022) (citing Alaska R. Civ. P. 60(b)).

[20]  *O'Link v. O'Link*, 632 P.2d 225, 229 (Alaska 1981).

[21]  *Id.*

[22]  *Richard v. Boggs*, 162 P.3d 629, 635 (Alaska 2007).

alleged errors of law,[23] Rule 60(b)(6) could not apply, and it was an abuse of discretion to grant relief on this alternative ground.

## V.   CONCLUSION

The order granting McDonald's Civil Rule 60(b) motion for relief from judgment is REVERSED.

---

[23]     *See Alaska Truck Transp., Inc. v. Berman Packing Co.*, 469 P.2d 697, 698-99 (Alaska 1970).