*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.gov.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| RED HOOK CONSTRUCTION, LLC, | ) | |
| | ) | Supreme Court No. S-18809 |
| Appellant, | ) | |
| | ) | Superior Court No. 3KO-18-00306 CI |
| v. | ) | |
| | ) | O P I N I O N |
| RANDALL C. BISHOP, TERESA C. | ) | |
| BISHOP, and RICHARD PUTNAM, | ) | No. 7726 – October 4, 2024 |
| | ) | |
| Appellees. | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Kodiak, Stephen B. Wallace, Judge.

Appearances: Peter A. Scully, Schwabe, Williamson & Wyatt, P.C., Anchorage, for Appellant. Notice of non-participation filed by Jill Wittenbrader, Law Office of Jill Wittenbrader, LLC, Kodiak, for Appellees Randall and Teresa Bishop. No appearance by Appellee Richard Putnam.

Before: Maassen, Chief Justice, and Carney, Borghesan, Henderson, and Pate, Justices.

HENDERSON, Justice.

## I.    INTRODUCTION

A mother and son co-owned a lot in Kodiak that they wanted to turn into a duplex property. The son contracted with an excavation company to build a retaining wall for the project and made one $15,000 payment to the contractor by credit card. The parties later disputed the terms of the contract and sued each other for breach of

contract. The superior court determined that the contractor had breached the contract and issued final judgment in favor of the mother and son. The court's damages award assumed that the $15,000 credit card payment would be disgorged by the credit card company and the charge reversed. The contractor appealed on matters unrelated to the instant appeal, and we reversed several aspects of the superior court's decision.

More than a year after the court's issuance of its final judgment, the mother and son moved for relief from the judgment pursuant to Alaska Civil Rule 60(b), asserting that the court was mistaken in assuming that the son would not be held responsible for the $15,000 credit card charge. The court granted relief from judgment under Rule 60(b)(1), finding that it had made a mistake about the credit card payment and adjusting its damages award accordingly.

The contractor appeals, asserting the court abused its discretion in granting relief under Rule 60(b)(1) because the mother and son moved for relief more than a year after final judgment, the delay was unreasonable, and the court's original judgment had not been mistaken. Because the mother and son waited longer than the one year permitted to seek relief under Rule 60(b)(1), we reverse the court's grant of relief from judgment.

## II. FACTS AND PROCEEDINGS

We detailed many of the underlying facts in this matter in *Red Hook Construction, LLC v. Bishop*.[1] Here we set forth only the abbreviated facts and proceedings relevant to the issue before us.

### A. The Bishops' Lawsuit For Breach of Contract And Red Hook's First Appeal

Randall Bishop and his mother Teresa Bishop co-owned a property in Kodiak that they wanted to develop. The Bishops hired Red Hook Construction, LLC to perform dirt excavation and build a retaining wall for the structure they intended to

---

[1] No. S-18031, 2022 WL 10826078 (Alaska Oct. 19, 2022).

build. After initially quoting one price that would be due upon completion of the project, Red Hook charged the Bishops in phases during construction. The Bishops paid cash for the initial phase, and then used a credit card to make a $15,000 partial payment for the second phase. The relationship between the parties deteriorated and they sued each other for breach of contract after Red Hook abandoned the project. The Bishops contended the parties formed a fixed-price contract and that the Bishops had suffered losses caused by Red Hook's breach, including having to hire a second contractor to complete the project.

The court conducted a four-day bench trial where the Bishops testified about the damages resulting from Red Hook's conduct. The Bishops testified that after making the $15,000 partial payment to Red Hook on Teresa Bishop's credit card, they later concluded that they had been asked to pay more than the contracted amount, and they contacted the credit card company to dispute the charge. Randall confirmed that though he disputed the charge, Red Hook had received payment, and while the credit card company did not require him to pay the disputed amount immediately, the $15,000 remained as an "outstanding" balance on the credit card.

The superior court found that the contract was for a fixed price and that Red Hook breached the contract by abandoning the project. In its damages award the court noted that the Bishops "submitted a payment of $15,000 using a credit card" and that the Bishops testified they "subsequently contested the charge through their credit card company as their relationship with [Red Hook] further broke down." The court did not award expectation damages arising from Red Hook's breach; instead, it assumed "that once this order issues, [the credit card] dispute will be resolved and the $15,000.00 recovered from [Red Hook]" resulting in the Bishops paying "less than the total contract price" to complete the project. The court issued its final judgment on July 13, 2021, and it was distributed on July 19, 2021. Red Hook subsequently appealed.

We affirmed the superior court's finding that the parties had formed a fixed-price contract.[2]  We also noted the superior court's assumption that the Bishops would not be held responsible by their credit card company for the $15,000 contested charge, but did not discuss the issue further because the parties were not contesting that aspect of the court's decision.[3]

## B.     The Bishops' Motion For Relief From Judgment

Six months after we issued our opinion in the first appeal, and 21 months after the parties received notice of final judgment, the Bishops filed a motion for relief from judgment under Alaska Civil Rule 60(b).  The Bishops' motion sought compensation for their overpayment of the fixed-price contract.[4]  They indicated that "the credit card company did not resolve the dispute in [their] favor[;] rather, it gave the $15,000 to Red Hook."  The Bishops contended Red Hook was "fully aware of the content and spirit of the court's previous order regarding the credit card payment, specifically that it should be returned to the Bishops," and that Red Hook received the funds "never informing the court or parties of the new development, and now refuses to return the funds."

Red Hook opposed the Bishops' motion for relief from judgment on numerous grounds.  Relevant to this appeal, Red Hook asserted that the court had not made a mistake, that the Bishops "were the only party who knew" whether they had

---

**2**    *Id.* at *6.

**3**    *Id.* at *6 n.8.  We reversed other aspects of the damages award not relevant to this appeal.  *Id.* at *10.

**4**    The Bishops' motion also included a separate motion for order to show cause asserting the superior court originally ordered the refund of the $15,000, and further sought relief from judgment under Civil Rule 60(a) claiming the court had made a clerical mistake.  *See* Alaska R. Civ. P. 60(a).  The superior court denied both requests.  Neither ruling is appealed, so we do not consider them further.

paid the $15,000[5] and did not seek to correct the findings under Alaska Civil Rule 52(b)[6] or on appeal to us, and that the Bishops' motion was untimely since it was filed more than one year after final judgment.

The superior court granted the Bishops' motion for relief from judgment under Civil Rule 60(b)(1) and awarded expectation damages to the Bishops based on their overpayment. Citing "the evidentiary record as a whole," the court made several findings to support its grant of relief. The court found it undisputed that the Bishops charged $15,000 to their credit card and contested the charge with the credit card company. The court also found that the credit card company processed the payment to Red Hook "contrary to the court's assumption." Turning to its prior decision on damages, the court explained that it had "rel[ied] on a mistaken assumption" that the Bishops' damages would be less than the contract price once the credit card company disgorged the $15,000 from Red Hook and reversed the charges. The court reiterated that the Bishops were entitled to recover any overpayment to receive the benefit of the contract — a completed project. The court found that the funds had not been disgorged and that the Bishops still owed the credit card company. Ultimately the court concluded that "[w]ithout [it] granting relief, the objective facts would create an unjust result wherein Red Hook received in excess of the contract price despite having breached the contract."

---

[5] The Bishops filed an affidavit after Red Hook filed its opposition, wherein Randall Bishop stated he was recently informed "that the funds had already been paid to Red Hook and that [the credit card company] was unable to assist with refunding our credit card account." The court struck the affidavit from the record after Red Hook successfully moved for its removal.

[6] Rule 52(b) allows the court to amend its findings or make additional findings and "amend the judgment accordingly" if a party files a motion no "later than 10 days after the date shown in the clerk's certificate of distribution on the judgment."

In response to Red Hook's argument that the Bishops' motion under Rule 60(b) was untimely, the court concluded that the relief was timely because the Bishops "had no way of knowing" the charge would not be reversed and they "did not have notice that the $15,000 would not be returned until after November 30, 2022 when the Supreme Court issued its decision."[7] It concluded that "under the Supreme Court's order the Bishops would necessarily be entitled to the amount they spent over the fixed[-]price contract."

Red Hook now appeals the court's grant of relief from judgment under Rule 60(b)(1). It asserts that: (1) Rule 60(b)(1) is inapplicable because the court did not make a mistake; (2) the Bishops did not file their motion within a reasonable time or within the one-year limitation period that cannot be tolled by the court; and (3) the court's factual findings supporting its grant of relief were clearly erroneous because each lacked evidentiary support in the record. We reverse, concluding that though the court's mistaken assumption met the criteria for relief under Rule 60(b)(1), the Bishops filed their motion well outside the one-year limitation period, which cannot be tolled or extended.

## III. STANDARD OF REVIEW

"We review de novo issues concerning the interpretation of civil rules, adopting the rule of law that is most persuasive in light of precedent, policy and reason."[8] But where civil rules are correctly applied, "[w]e will not disturb a trial court's ruling on a Rule 60(b) motion unless an abuse of discretion is demonstrated."[9]

---

[7] It is unclear to us why the court referenced November 30, 2022, as we announced our decision in the first appeal on October 19, 2022. *Red Hook*, 2022 WL 10826078.

[8] *Chena Obstetrics & Gynecology, P.C. v. Bridges*, 502 P.3d 951, 957 (Alaska 2022) (quoting *Bravo v. Aker*, 435 P.3d 908, 912 (Alaska 2019)).

[9] *BBFM Eng'rs, Inc. v. McDonald*, 530 P.3d 352, 356 (Alaska 2023) (quoting *Fernandez v. Fernandez*, 358 P.3d 562, 565 (Alaska 2015)).

"We will find an abuse of discretion [in this context] when the decision on review is manifestly unreasonable."[10] And we review "the factual findings underlying the superior court's" ruling on a Rule 60(b) motion for clear error.[11]

## IV. DISCUSSION

There are six circumstances in which relief from judgment may be granted under Rule 60(b). The one argued by the parties in this appeal is described in Rule 60(b)(1), which allows for relief from judgment for "mistake, inadvertence, surprise or excusable neglect." The Rule places two limits on the time period in which a party may file a motion for relief from judgment under Rule 60(b)(1). First, motions must be "made within a reasonable time," and second, motions cannot be made "more than one year after the date of notice of the judgment or orders as defined in Civil Rule 58.1(c)."[12]

In addressing this appeal, we first clarify that an incorrect assumption by a court may form the basis for Rule 60(b)(1) relief. Next, we reverse the superior court's grant of relief, because the court cannot toll the rule's one-year limitations period.

### A. The Superior Court's Incorrect Assumption May Serve As The Basis For Rule 60(b)(1) Relief.

Red Hook initially argues that the superior court incorrectly relied on Civil Rule 60(b)(1) when it determined the relevant aspect of its judgment had been mistaken. Red Hook contends that the superior court's assumption, even if mistaken, cannot constitute a mistake for purposes of the Rule. We need not decide that issue because Rule 60(b)(1) provides for relief beyond those categorized as mistakes.

---

**10** *Id.* (quoting *Ranes & Shine, LLC v. MacDonald Miller Alaska, Inc.*, 335 P.3d 503, 508 (Alaska 2015)).

**11** *Sandberg v. Sandberg*, 322 P.3d 879, 886 (Alaska 2014).

**12** Alaska R. Civ. P. 60(b). Civil Rule 58.1(c) states that the date of notice for a judgment is "the date shown in the clerk's certificate of distribution on the written judgment." Alaska R. Civ. P. 58.1(c)(3).

Rule 60(b)(1) applies not only to mistakes, but also to action or inaction amounting to "inadvertence, surprise or excusable neglect." The grounds for relief under Rule 60(b)(1) are "quite broad" and can include an error by the court rather than a party.[13]

We assume, as we did in *BBFM Engineers, Inc. v. McDonald*,[14] that a court's mistake of fact or mistaken assumption may be grounds for relief from judgment under Civil Rule 60(b)(1). Moreover, even if Red Hook is correct that the superior court's faulty assumption could not be classified as a "mistake" under Rule 60(b)(1), we observe that the court's reliance on an assumption about how a non-party entity would behave in denying requested relief could amount to "inadvertence."[15] Inadvertence has been broadly defined as "[h]eedlessness; lack of attention; want of care; carelessness; failure of a person to pay careful attention to the progress of negotiation or a proceeding in court by which [one's] rights may be affected."[16] Its definition also includes "an oversight, mistake, or fault from negligence."[17]

It is clear from the record that the superior court's damage award intended to provide the Bishops with the benefit of their bargain. But the judgment failed to reflect that intent due to the court's assumption that the credit card company would

---

[13]    *See Alaska Truck Transp. Inc. v. Berman Packing Co.*, 469 P.2d 697, 698-99 (Alaska 1970).

[14]    *See* 530 P.3d at 356.

[15]    Alaska R. Civ. P. 60(b)(1).

[16]    *Inadvertence*, BLACK'S LAW DICTIONARY (4th ed. 1951).

[17]    *Inadvertence*, WEBSTER'S NEW INTERNATIONAL DICTIONARY (2d ed. 1960). While we have not fixed a definition of inadvertence for purposes of Rule 60(b)(1), the federal courts have observed that Federal Civil Rule 60(b)(1) applies to "judicial inadvertence." *Kemp v. United States*, 596 U.S. 528, 534-36 (2022) (citing *Larson v. Heritage Square Assocs.*, 952 F.2d 1533, 1536 (8th Cir. 1992)); *see also Grey Assocs. Gen. P'ship v. 310 Assocs.* (*In re 310 Assocs.*), 346 F.3d 31, 34-35 (2d Cir. 2003) (applying Rule 60(b)(1) to court's mistake of fact).

reverse the Bishops' disputed charge. Therefore, we assume without deciding whether the court made a mistake or acted with inadvertence, that Rule 60(b)(1) may serve as a basis for relief.

### B. The Bishops' Request For Rule 60(b)(1) Relief Was Untimely.

Red Hook correctly contends that assuming there was a mistake or inadvertence that could support relief under Rule 60(b)(1), the Bishops' motion for relief from judgment was untimely under the one-year limitation period for motions brought pursuant to Rule 60(b)(1).[18] The Rule expressly provides that a party must seek relief "for reasons [under Rule 60(b)](1) . . . not more than one year after the date of notice of the judgment" is distributed.[19] Yet the superior court granted the Bishops' motion 21 months after the parties received notice of the court's final judgment.

In contemplating the Bishops' late filing, the court seemed to reason that it should toll the limitation period until after the date of our decision of the first appeal. But we have held that the superior court "do[es] not have the power to enlarge the one-year time limit for motions brought under Civil Rule 60(b)(1)-(3)."[20] And in *BBFM* we reiterated that "[i]t is well-established that the one-year limitation period is an outer

---

[18] Red Hook also claims the court's ability to grant the Bishops' motion is foreclosed because the motion was not filed within Rule 60(b)'s "reasonable time" requirement. Because we conclude that the motion was untimely under the one-year limitation period, we do not address whether the motion was filed within a "reasonable time."

[19] Alaska R. Civ. P. 60(b).

[20] *Johnson v. Johnson*, 394 P.3d 598, 602 (Alaska 2017) (quoting *O'Link v. O'Link*, 632 P.2d 225, 229 (Alaska 1981)); *see also* Alaska R. Civ. P. 6(b); *Vezey v. Green*, 171 P.3d 1125, 1129 (Alaska 2007) (ruling pendency of appeal does not toll the one-year limitation period); *Farrell v. Dome Lab'ys*, 650 P.2d 380, 384 (Alaska 1982) ("That the original judgment was on appeal is irrelevant. The pendency of an appeal does not extend the one[-]year limit under any of the first three clauses of Rule 60(b).").

limit" to granting Rule 60(b)(1) motion.[21]  Here the Bishops filed their Rule 60(b)(1) motion nine months after the one-year limitations period ended.  It was error to toll the one-year limitations period in granting the Bishops' motion.[22]

Moreover, the findings upon which the superior court relied to toll the one-year period were clearly erroneous.  The court justified its treatment of the timing of the Bishops' motion by reasoning that the Bishops had no way of knowing that the credit card company would not refund the $15,000 charge until we decided the first appeal in this matter.  But this reasoning is incompatible with the record.

Indeed, the record establishes otherwise.  Randall Bishop's own undisputed trial testimony was that the contested charge remained an "outstanding" balance on his credit card statement and that he was in contact with the company about the dispute.  Nothing in the trial record removed the possibility that the credit card company could hold the Bishops responsible for the charge after the superior court issued its final order.  The credit card company was not, after all, a party to the case, and was not subject to the court's expectation that it reverse the charges at issue.  It simply does not follow that the Bishops would have no way of understanding that the credit card company could maintain the $15,000 charge in this context.

Additionally, it was apparent from the superior court's initial decision and judgment in this matter that it had not awarded damages accounting for the Bishops' $15,000 credit card payment.[23]  The Bishops could have, but did not, appeal the damage award to address any concern that the court's order would not make them whole.[24]

---

[21]    530 P.3d 352, 357 n.11 (Alaska 2023) (quoting *Nabors v. New England Mut. Life Ins. Co.* (*In re New England Mut. Life Ins. Co. Sales Pracs. Litig.*), 204 F.R.D. 6, 11 (D. Mass. 2001)).

[22]    *See id.* at 357.

[23]    *Red Hook Constr., LLC v. Bishop*, No. S-18031, 2022 WL 10826078, at *6 n.8 (Alaska Oct. 19, 2022).

[24]    *See id.*

## V. CONCLUSION

We REVERSE the superior court's order granting the Bishops' Rule 60(b)(1) motion for relief from judgment, and we REMAND for disbursement of the supersedeas bond consistent with this decision.